Henderson, Judge.
 

 It is not controverted, that an executor derives all his powers from the will. But whether there is a will, and who is the executor thereof, are matters of ecclesiastical cognizance, and consequently, the decision of the Ecclesiastical Courts on the subject is conclusive. They adjudicate, that
 
 this
 
 is the will of A, and that B is the executor thereof; and when in other Courts, it is necessary that B should sustain the character of executor, that, adjudication is conclusive. The will is therefore improper evidence of that
 
 fact;
 
 for that adjudication is the only evidence competent to prove it. Suppose from the words of the will, it is matter of doubt whether A or B is executor, and that Court should decide in favor of B. If the probate of that will should be offered in evidence in another Court, and the whole will, as well as the adjudication set forth, such other Court, whatever it might think upon the subject, would be bound to consider B as the executor. The will therefore was entirely unnecessary to be produced in Court $ for whatever were its provisions, it could not affect the decision of the cause. The only question therefore, which can arise in this case in regard to the Plaintiff’s character as executor, is this : do the letters testamentary, or the certificate offered in this case, prove that
 
 *458
 
 fact. I think that they do. It is a testimonial given by the Court, that they have adjudicated the Plaintiff to be the executor. It is wholly unnecessary to append a copy of the will to such a testimonial, for it can answer no purpose. It does not follow by any means, that this certificate, or letters testamentary, are the only means by which it can be shown, who is an executor^ The adjudication can be proved by the production of the original records or minutes of the Court, if they are shown to be such, or a copy under the seal of the Court, (as I take this to be, not a bare certificate,) or by a sworn copy when offered to a jury as in this case, or by any other means, by which the proceedings in one Court are given in evidence in another, with this difference, when offered in evidence to the Court, as under a proferí, the record must be in that form which proves itself, that is, the original proved to the Court to be such, or a copy under the seal of the Court.
 

 The County Court in this State, to which has been transferred the probate of wills, stands in the place of the Ecclesiastical Court in England, and what has been said in regard to the latter applies to the former.
 

 As to the other point in this case, it falls completely within the case of
 
 Whitaker
 
 v.
 
 Whitaker,
 
 decided at the last term, (ante 310). The Plaintiff is therefore entitled to a new trial. The Defendant is not entitled to a non-suit, for the evidence was properly received.
 

 Per Curiam. — Judgment reversed.