Ruffin, Chief Justice.
 

 — The parties having brought up this case again, with a statement, which exhibits distinctly the contents of the record of the County Court, professing to be a grant of administration to Stephen Gibbs, we are enabled to decide it upon its proper principles.
 

 It seems to us that the parol evidence ought not to have been received; for the acts of a Court can be proved only by its records. That evidence is therefore laid aside.
 

 The question rests upon the construction proper to be put upon the minutes of the Court. We are satisfied that it is to be taken as a present grant of administration. It is argued to the contrary upon the words
 
 “on
 
 his giving bondand it is supposed that the argument is supported by my observations in
 
 Hoskins
 
 v.
 
 Miller, 2
 
 Dev. 360. What I said, is not, perhaps, as clear as it ought to have been; but it was certainly not intended to state the proposition supposed, and the contrary is rather to be inferred. The grant, then, was deemed an immediate one; and it was remarked, that an order, that administration
 
 would be
 
 granted to W. T. upon his giving bond, would be conditional and nugatory. But that was said upon the idea, that the order was in its terms, plainly prospective, as is to be collected from the expression “
 
 would be granted.”
 
 It still left the inquiry open, what effect is to be given to an order like this, whether it is to be deemed a memorial of what the Court had done, or was doing, or of what it then resolved, it would do in future. A conditional and incomplete administration, is inferred from the words “
 
 on
 
 his entering into bond.” But the minute ought not to be so
 
 *29
 
 understood. Those words are but equivocal to the purpose for which they are relied on. They’ might be construed as conditional, if the subject, to. which they relate, was a stipulation in a contract, that one person would do an act, on the other party’s doing another act. But in connexion with this subject-mattér, the contrary is strongly to be inferred. Such an order would be so absurd, that the intention to pass it, cannot be presumed, unless the terms will not admit of any other construction. It would be vain and idle, for it would not bind. the Court, or any body else. The fair meaning, is, that'“ on his entering into bond;” the appointment was then made.; that the giving the bond at that time was the inducement to 'the order. It is the same as if the words has been “ he is appointed on his motionor “ it is ordered on his motion, that he be appointed,” which no body could misunderstand. The minute is certainly very short and irregular-; but it is sufficient to satisfy any person, that the Court- did thereby intend to commit administration, and so to certify to their successors. It does not state that the oaths of office were taken, it is true; and for that reason, and because the bond turns out to be defective, the administration might probably be repealed as obtained irregularly and by-surprise. But no other Court can declare, it void; for.it was granted by the competent Court, and must be respected until revoked, although committed without taking bond or administering the oaths, those being points, into which no other Court can collaterally inquire.
 

 Per Curiam. Judgment affirmed.