Battle, J.
 

 It is settled by several decisions that the jurisdiction of this Court upon the subject of amendments in the court below, is confined to the question of power; and that when that court has the power, we cannot interfere with its discretion in the exercise of it.
 
 Phillipse
 
 v.
 
 Hidgon,
 
 Busb. 380;
 
 Campbell v. Barnhill,
 
 1. Jones’ Rep., 557. In the former of these cases, the subject is fully discussed, and the instances in which the Superior Court has the power to allow amendments are given, and distinguished from those where such power is denied it. “The subject,” as it is said in that case, “ may be divided into three classes : 1st. Every court has ample power to permit amendments in the process and pleadings of
 
 any-suitpendd/ng before it; Quiett
 
 v.
 
 Boon,
 
 5 Ired. 9.” “ 2d. Every court of record has.a-mple power,
 
 after a suit is deterim/ned,
 
 to amend its-own recordthat is, the journal
 
 *137
 
 or memorial of its own proceedings, kept by the court or its clerk, by inserting what has been omitted, or striking out what may have been erroneously inserted.” “ 3d. The power of a court to allow amendments, after the determination of a suit, in the process or returns made to it by ministerial officers, is much more restricted and qualified ; for the reason, among others, that the court is not presumed, in such cases, to act upon its own knowledge ; but upon information derived from others. The ease now under consideration falls within this class of amendments, and may be subdivided into three heads■: 1st. Where the amendment is for the purpose of correcting a mere oversight of an officer in not making an entry, such .as he ought to have made as a matter of course, and as a part of his duty according to law, the court has power to allow the amendment, notwithstanding third persons may be thereby affected.”
 

 It is unnecessary to state the second and third heads ; under the last class, in which it was held that the court had no power to make amendments, because it is manifest that the amendments proposed to be made in the case now before us, fall under the second class and the first head of the third class as above set forth.
 

 The first of the proposed amendments is nothing more than the drawing up and entering in proper form, the orders and. decrees of the court upon the petition filed in the cause of which the clerk had only entered loose minutes.
 

 The second is allowing the commissioner (who, for the purpose of selling the land was an officer of the court,) to make out and file a report of the sale which he ought to have done as a matter of course at the time, or which, if then done, has been since lost.
 

 These amendments come clearly within the power of the court, as appears not only from the case of
 
 Phillipse
 
 v.
 
 Hig
 
 don., above cited; but also from the prior adjudications in Galloway v. McKeethan, 5 Ire. Rep. 12;
 
 Bradhurst
 
 v.
 
 Pear
 
 son, 10 Ire. Rep. 57; and
 
 Green
 
 v.
 
 Cole,
 
 13 Ire. Rep. 425.
 

 As the court has the power to make the amendments, and
 
 *138
 
 we have no right to interfere with its- discretion in making them, the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.