Pearson, C. J.
 

 The objection, that the Court had no power to order the amendment, i® respect to setting out the mames of the jurors, and the verdict, was not insisted on before ns, and in regard to the want of notice, the facts are not ■stated, but we see, from, the record, that the defendant was 'heard -upon the motion to amend, asd that, we think, was •sufficient. There is no rule of practice requiring any particular notice to be given — -ten or five days, for instance; and, -we cannot suppose that the Court would allow a party to be 'taken by surprise.
 

 "Whether, under the power to amend, and its general power and control over its records, the Court was authorised to direct an enquiry as to the value of the slave and the damages for detention, to be executed at its next terra, for the purpose of putting itself in a condition to perfect the record by filling up the blanks whieh had been left in the verdict, is a question of more difficulty. It was the duty otf the Court,
 
 ex •officio,
 
 when the case was tried, to have the value and the damages for the detention, fixed by the jury, but at the trial, many interesting questions of law were presented, and as the facts were not controverted, his Honor directed a verdict to be entered for the plaintiffs, subject to his opinion ©m the questions of law. Under such circumstances, the attention of the
 
 *406
 
 Court,,and the-gentlemen of the bar, is mainly directed to-thepnints.of’lawj the details of the verdict being left open to be-filled’ up afterwards; which is usually done as
 
 a matter of' eonsent.
 
 In this instance^ it seems, the details of the verdict were not attended to, and the-question- is, had the Court power after an- appeal, and at a subsequent term-, to supply the-omissions.in the verdict by means of an-- enquiry. It would’ be a matter of regret if the Court does:not possess this power,, for-otherwise, the plaintiff will bc-forced to lose the value of' the services of the slase-du-ring-th©- time- ©f the unlawful detention by the defendant; and this failure of justice will be-the result of an omission of
 
 th■&ex*offi;cw-
 
 duty of" the Court to have the damages for detention, as well as- the value of the* slave, fixed by the verdict.
 

 We-were-; therefore, relieved by finding a precedent, which recognizes the po-wer to supply- all such omissions by means-of an-enquiry ; Key v. Allen, 3 Murph. 523. In that case, the-subject of writs-of enquiry is fally explained, and it is decided that, in this State, an enquiry may be resorted to, to
 
 supply ad su&h
 
 omissions-, the-Ce-u-rt hokl-ing'lhat the restraint u-pon it in England, by reason» of the doctrine of attaint, has n.o application here, where that doctrine does not obtain — -
 
 eessante rations,
 
 and recommending its liberal use “when;, convenience or the justice of the case requires itthe more especially, because enquiries are executed here before- the Court, and not, as in England, before the sheriff, acting in ajiudicial capacity
 
 ;
 
 so, that here, the» proceeding can be more readily- reviewed:
 

 This-is an answer to the objection, made on the argument, that in taking-the-enquiry, a question* of. law would arise as: to-the time for which, the plaintiffs were entitled to recover-the- vain-© oí? the services of thoslave. In
 
 Key
 
 v. Allen, it did-not become accessary to- decide, whether the enquiry should: fee executed before the Superior Co-nut or before this Court,, and neither the report of the ease,, nor- the- original papers,, (which have been examined) sbo-w how the- matter was. disposed of. We presume, after the power to- supply the-©mis.
 
 *407
 
 sion was established, no- further difficulty was- made, and the matter was arranged by consent. The Court concurs with his Honor, in the Court below, in tbe opinions, that it is proper to execute the enquiry in that Court, because the omission in the verdiet, wkieh it is-the object to- supply, occurred there, and it is, consequently, the duty of that Court to resort to all its powers, in order to perfect its record, and thereby put itself in a condition to comply with a writ of
 
 o&riiorariy
 
 by sending such a transcript as will enable this Court to render judgment. There is no- error. This opinion will be certified, to the end, that the Superior Court may proceed.
 

 Per Curiam,
 

 Judgment affirmed.