Reade, J.
 

 This tvas a motion to vacate a judgment, which the defendant alleged to he irregular.
 

 If there was error, it does not appear in the record sent up; and, unless error appear, the judgment must be affirmed ;
 
 Walton v. Smith,
 
 8 Ire., 520.
 

 The facts, as stated by his Honor, are, that the plaintiff sued out a writ in debt. At the return term the defendant, on account of the inadvertence of his counsel, did not appear. At a subsequent term there was upon the trial docket an entry “judg’t.” From this memorial of the judgment, the clerk, after court, transferred the case to the execution docket, stated the debt, interest and costs, and issued execution. His Honor heard evidence as to the proceedings when the aforesaid entry was made, and refused to vacate
 
 *19
 
 the judgment, upon the ground that he had
 
 no power
 
 to do so. And he directed the clerk to enter up a formal judgment
 
 nunc pro tunc.
 

 It does not appear in the statement made by his Honor, as, regularly, it ought to appear, what were the proceedings when the said entry was made, so as to enable the court to see whether the judgment was regular, or irregular. If it was regular, that is, according to the course and practice of the courts, his Honor had no power to vacate it. But if it was irregular, that is, contrary to the course and practice of the courts, he had the power to vacate it;
 
 Bender
 
 v. Askew, 3 Dev., 149.
 

 There are no facts stated from which it appears to have been irregular ; and it does appear that, after a full hearing of the case, his Honor found it to be regular, and directed the clerk to enter it in proper form
 
 nunc pro tunc.
 
 The finding of the facts was for his Honor, and it is not for this court to collect the facts from evidence transmitted with the case. All that is proper for this court to do, is to decide whether from the facts found by his Honor, the judgment was regular or irregular. It is to be regretted, therefore, that his Honor did not state more fully the facts found by him. Evidently, this defect was intended to be supplied by transmitting the evidence itself, so that this court could see the evidence upon which his Honor acted. But this imposes upon this court the duty of finding the facts ; which it is incompetent to do. It may be proper, however, to state, that in looking to the affidavits which accompany the case, we find it stated by the plaintiff’s attorney, who entered the judgment, that it was “entered in open court,” and, by the clerk, “ that the judgment was taken in accordance with the regular rules and practice of the court.” If these were found by his Honor to be true, as we suppose they were, then the judgment was regular, and the court had no power to vacate it.
 

 
 *20
 
 It was insisted on in the argument, that the entry “judg’t.,” no matter -when or how entered, was not a judgment at all. If that be so, it will avail the defendant nothing, because a judgment is not what may be
 
 entered,
 
 but it is what is
 
 considered and delivered
 
 by the court. The entry is a memorial of what the judgment was. If there had been no entry at all, it would have been competent for his Honor to have it entered,
 
 nunc pro tuna,
 
 upon his being satisfied that judgment was, in fact, delivered.
 

 The entry “Judg’t.,” was a note or memorandum of what the judgment of the court was, from which the clerk should enter the judgment in form, after- court. And this is according to the course and practice of our courts;
 
 Osborne
 
 v.
 
 Toomer,
 
 6 Jones, 440;
 
 State
 
 v.
 
 McAlpine,
 
 4 Ire., 140.
 

 Per Curiam. Judgment affirmed..