F. M. MOYE, Adm'r., v. P. S. PETWAY, Adm'r., and others.

In case a judgment setting aside a former judgment in the same cause be rendered, and by accident such judgment may not have been recorded, or, if recorded, the record thereof may have been lost or destroyed, every person interested in the record of such judgment, setting aside such former judgment, is entitled to have it restored to its former integrity.

MOTION heard before KERR, J., at Spring Term, 1876, of WILSON Superior Court.

The motion was based upon the following affidavits:

W. T. Dortch maketh oath, * * * * * That this affiant was retained as attorney for said Petway, and entered the words "time to plead for Adm." That afterwards these words were stricken out, and "judgment" written over them without the consent of this affiant. That at the next term of the Court, as affiant recollects, affiant gave notice to Mr. Whitfield, the attorney of the plaintiffs, that he would move to strike out said judgment. Said attorney accepted service of notice, and was present in Court when the motion was made; and after the introduction of evidence, in support of the motion, consented that said judgment should be stricken out, and it was so ordered by the Court, and the judgment, which was entered on a rough docket, was stricken out. Since that time affiant has seen said docket, with the entry of said judgment stricken out, but is informed that

said docket cannot now be found. That said alleged judg-
ment is the same on which this action is brought."

" Geo. V. Strong maketh oath that he was present in Court
when said motion to strike out said judgment was made by
W. T. Dortch, attorney for P. S. Petway, Adm., and that the
same was ordered to be stricken out by the Court. That
affiant has since seen the rough docket on which said judg-
ment was entered and stricken out, and is informed that
said docket cannot now be found."

" Isaiah Raaly and P. S. Petway, defendants, make oath,
that they were present at Spring Term, 1868, (they think)
of this Court. That a motion was made by the attorney of
defendants in the case of this plaintiff against the defen-
dant, P. S. Petway and others, to set aside the judgment
theretofore taken in said action. That G. W. Whitfield, one
of the attorneys of the plaintiff, was present in court, and
after the introduction of evidence, on the part of the defen-
dant, the said Whitfield consented that said judgment
should be set aside, and the Court thereupon ordered the
same to be set aside, and affiants have since several times
seen said docket with the entry of judgment stricken out.
Said docket was a rough paper docket."

All other facts, necessary to an understanding of the case,
as decided, are stated in the opinion of the Court.

The motion was allowed, and the plaintiff appealed.

*Isler*, for the appellant.
*Smith & Strong* and *Smedes*, contra.

RODMAN, J. At Spring Term, 1876, of the Superior Court
of Wilson, before KERR, J., the defendants moved to amend
the records of Fall Term, 1867, of said Court by inserting
*nunc pro tunc* in the record of this action the following :
" The judgment rendered in this action, stricken out and set
aside, and that wherever said entry of judgment appears,

the same be stricken out.   And it is considered that the said purported judgment is not the judgment of this Court, and the Clerk of this Court is ordered to erase said entry of judgment wherever the same may appear upon the records of said Court."

The language of this motion cannot be commended as clear, nor can anything in the whole record sent up, except the Judge's statement.   Nevertheless, upon a favorable construction, the meaning of the words may be got at.   The propriety of granting the motion depended upon a mere question of fact, to-wit:  had a judgment been previously (at Fall Term, 1867,) rendered setting aside a former judgment against the defendants.   If such judgment setting aside, &c., had been rendered, and by accident had not been recorded, or, if after being recorded, the record had been by accident lost or destroyed, every person interested in the record was entitled to have it restored to its former integrity. On this question the Judge heard the evidence, and considered that a judgment setting aside, &c., had been rendered at Fall Term, 1867, and that the record of it had been lost or destroyed, and directed that the entry above quoted be made on the record as of Fall Term, 1867.

From this order the plaintiff appealed.

The plaintiff now contends that there was *no* evidence before the Judge to support his conclusion of fact.   We are of opinion that the affidavits of Dortch, Strong and Petway were evidence which supported the finding of the Judge. Our opinion on this point disposes of every material question presented by the appeal, and the judgment below is affirmed.

PER CURIAM.                    Judgment below affirmed.