WM. II. HUGHES, Ex'r of SAMUEL CALVERT, v. F. L. HODGES.

*Caveat— Will—Executor—Parties—Supplemental Complaint— Mortgage—Irregular Judgment—Prosecution Bond.*

1. The filing of a caveat to the probate of a will, does not prevent the executor, upon giving the bonds prescribed by the statute, from proceeding in the collection of debts due the testator.   The Code, §§2158, 2159, 2160.

2. An objection that one who has been permitted to become a party plaintiff upon filing a prosecution bond, has not complied with the condition, comes too late after the amendment has been made and supplemental complaint filed.   The execution of such bond is an incidental and not an essential condition of the order.

3. A Supplemental Complaint, or Answer, is required from new parties only when the previous record of the cause does not show how they are connected with the controversy or interested in its result; but where the death of the original party and the relationship of the new parties to him are ascertained, there seems to be no necessity for supplemental pleadings.

4. A decree of foreclosure of mortgage made before all the heirs-at-law of the mortgagee, who had been declared "necessary parties," were made parties of record, is irregular and will be set aside upon proper application.

(*Syme* v. *Broughton*, 86 N. C., 153; *Hoskin* v. *Miller*, 2 Dev., 360; *Spencer* v. *Cohoon*, 1 Dev. & Bat., 27; *Vass* v. *Building Association*, 91 N. C., 55; *Bell* v. *Cuningham*, 81 N. C., 83, and *Hughes* v. *McNider*, 90 N. C., 248, cited and approved).

This action, begun in June, 1879, by the plaintiff testator, is for the FORECLOSURE OF A MORTGAGE made by the defendant on January 8, 1876, to secure certain notes therein described and for the sale of the land therein conveyed for their payment. The mortgagee, Calvert, having filed a verified complaint at the return term of the summons and before further action in the cause, died in 1881, leaving a will, the probate of which has been caveated and is still in contest, and therein appointing William H. Hughes, executor, who, upon an *ex parte* probate, qualified as such before the caveat was entered. At Spring Term, 1882, an order was entered in these terms:

"It appearing to the satisfaction of the Court, that Samuel Calvert the plaintiff, is dead, and that W. H. Hughes has duly qualified as executor upon said Calvert's estate, it is therefore ordered that said W. H. Hughes be, and he is hereby permitted to make himself party plaintiff, upon filing a good and sufficient bond in the sum of $200 for the prosecution hereof."

The executor accordingly at Spring Term, 1883, without giving the required bond, so far as the record shows, put in a verified supplemental complaint, adopting that of his testator, and further alleging that the wife of the defendant had died since the commencement of the suit.

At Spring Term, 1884, it was ordered that notice issue to the heirs of the testator, naming them, who are declared necessary parties, to show cause why they should not be made such. Such notice was served upon all, of whom, except two, none were will-

ing to become parties to the action, and no further action was taken in that matter.

No answer has ever been filed by defendant.

At Fall Term, 1884, on motion of plaintiff's counsel, judgment was rendered for want of an answer, that the plaintiff recover his debt and interest with costs, and further adjudging a fore-. closure of the defendant's equity of redemption and a sale of the premises by a commissioner named, unless said debt and costs incurred in the action should be paid on or before the 1st day of January following.

From the judgment the defendant undertook to appeal and obtained leave to do so without giving the security required by law, but did not prosecute his appeal. At Spring Term, 1885, on hearing affidavits of the defendant and of the counsel of plaintiff in support of defendant's motion to set aside the judgment of the previous term, and to amend the record, the Court rendered the following judgment:

It appearing to the Court that, at the Fall Term, 1884, S. J. Calvert and Charles Calvert, some of the heirs-at-law of Samuel Calvert, came into Court in obedience to the order made in this case, and made themselves parties plaintiff, and filed no complaint in writing; and that the other heirs-at-law of Samuel Calvert failed to make themselves parties plaintiff; and it further appearing that ten days' notice of this motion was duly served on the attorneys of the plaintiffs, it is now, on motion of R. B. Peebles, counsel for defendant, considered and adjudged that the judgment rendered herein, at Fall Term, 1884, be and the same hereby is set aside for being irregular. And it is further considered that plaintiffs have thirty days to file complaints, and defendants thirty days thereafter to file answer.

From this ruling and judgment the plaintiffs appeal.

*Mr. T. W. Mason,* for the plaintiffs.
*Mr. R. B. Peebles,* for the defendant.

SMITH, C. J. (after stating the facts).  The grounds assigned in support of the motion are, that the executor of the deceased original plaintiff could not become a party plaintiff and prose-cute the action, pending the controversy raised by the caveat as to the execution and validity of the propounded script; and sec-ondly, for that the newly-introduced plaintiffs, Charles and Sam-uel J. Calvert, had filed no written complaint in the action.

While these reasons alone are assigned for the demanded action of the Court in the case on appeal, others have been urged in the argument outside of it.

The answer to the first ground of objection to the rendition of the judgment by default and calling for its annulment, is fur-nished in the statute, which declares that:

When a caveat is entered and bond given as directed in the two preceding sections, the Clerk of the Superior Court shall forthwith issue an order to any personal representative having the estate in charge, to suspend all further proceedings in relation to the estate, *except the preservation of the property and the collec-tion of debts, until a decision of the issue is had.*  The Code, §2160.

This provision is manifestly intended, in cases to which it is applicable, to dispense with the necessity of appointing an admin-istrator *pendente lite,* and confers very similar forms upon the executor, and more especially when he has entered upon the duties of his office before the caveat is entered.  *Syme* v. *Broughton,* 86 N. C., 153.

The prosecution of the action in order to the collection of the debts, is evidently sanctioned by the statute and in furtherance of the purpose of its enactment.

The second exception to the regularity of the action of the Court in entering up the judgment by default, now sought to be set aside, rests upon the assumed necessity of a supplemental complaint from the newly introduced plaintiffs.

The executor comes into the cause and takes the place of his testator, with the unopposed permission of the Court, and files such complaint, verified as was the other, which he adopts, and

adding a single additional averment of the death of the wife of the defendant since the suit was instituted. Nor does his failure to give the required prosecution bond avoid the act by which he became such, or displace him from his position in the cause. The order of admission, the admission, and the filing of the complaint, even if the failure to execute the bond had been sufficient to debar the executor, if the objection had been made in apt time, now constitute a part of the record and must remain such until modified or amended by the Court.

But the execution of the bond, though incidental,.is not an essential condition of the order admitting the plaintiff to prosecute the action.

This construction has been put on an order in somewhat similar terms, appointing an administrator on an intestate estate.

Thus an order in this form: "Administration on the estate of A, granted to B, *he giving bond,*" &c., has been held to be unconditional, and the appointment valid until set aside, though no bond was given. *Haskins* v. *Miller*, 2 Dev., 360; *Spencer* v. *Cohoon*, 4 Dev., 225. Same case in 1 Dev. & B., 27.

The objection has more pertinency and power as applied to the heirs-at-law of the deceased mortgagee, of whom, while all were served with process to appear and show cause why they should not be made plaintiffs, two only consented, while the others refused to be made parties, and none filed a complaint. The statute in such case allows the personal representative to come in and prosecute or defend the action "*on motion,*" if application be made within one year after death, or afterwards on a supplemental complaint. There would seem to be no necessity for a supplemental complaint, when the death of the party is ascertained and determined, as well as the relationship of the applying party to the deceased, showing his right of succession, since the law determines the devolution of the estate, and there is no new fact to be alleged, to which answer could be made. When new parties are introduced, who are in no wise shown in the complaint to be connected with the controversy, or interested

in its result, an amendment must be made to show the connection, and if not, a judgment would be irregular and meaningless, and more especially if the summons informs the defendants that a complaint, a new one of course, will be filed at the return term of the process which they are required to answer. This was the ruling in *Vass* v. *Building Association*, 91 N. C., 55, and for the reason suggested, the judgment rendered by default for want of an answer was set aside.

Again, as the additional complaint in the present case would seem to be needless, so it might be waived, unless assigned by a defendant in Court as an answer to a motion for judgment.

But aside from these considerations, the heirs-at-law have been declared in the decretal order, requiring notice to be given them, to be "*necessary parties*," and steps were taken to bring them in and place them by the side of the executor, as associate plaintiffs, and this has not been done. While they remain outside of the cause, and the order has not been carried into execution, it was premature to move for final judgment, for the cause was not in a condition to admit of this summary disposal. While insufficient reasons may have influenced the Judge, yet if his action was right, and the first judgment ought to have been put out of the way, there was no error committed.

As was said in *Bell* v. *Cuningham*, 81 N. C., 83: "If the judgment is right, it will not be reversed becausethe result is reached by an erroneous process of reasoning." To same effect, *Hughes* v. *McNider*, 90 N. C., 248–251.

The vacating the judgment by default, restores the parties to the positions occupied by them at and previous to its rendition, and the cause will thence proceed as if that obstruction had not been interposed.

There is no error. Let this be certified to the Court below.

No error.                                        Affirmed.