W. B. HOWERTON et al. v. JOHN T. SEXTON.

*Appeal— Undertaking—Reference— Guardian and Ward—Partition—Payment—Bonds of Administrators, Guardians, &c.*

1. An appeal will not be dismissed where the undertaking was not filed within the prescribed time, but was filed before the transcript of the record was transmitted to the Supreme Court. Laws 1889, ch. 135. § 6.

2. A referee's finding of fact, under an order of reference by consent, is conclusive.

3. A payment made by a purchaser of lands, under a decree for the sale and partition of lands which directed the proceeds to be paid over to the parties according to law, to the guardian of one of the tenants in common, is proper and in pursuance of the statute. *The Code,* § 1980.

4. The giving of the bonds required of guardians and administrators is not essential to the validity of the appointment itself; the failure to take the bond, however, subjects the officer whose duty it is to see that it is made, to the consequences of such omission.

5. Therefore, where D, having been duly appointed and qualified as guardian of one minor tenant in common, subsequently applied to be appointed guardian of another, and the Clerk of the Superior Court simply inserted the name of the latter ward in the order making the former appointment, without requiring any further bond : *Held,* that such appointment was not ineffectual, and that payments made to such guardian by one who had no knowledge of the irregularity would be protected.

This was a CIVIL ACTION, which was heard upon exception to referee's report, before *Merrimon, J.,* at Spring Term, 1889, of NASH Superior Court.

This cause was before the Supreme Court at Fall Term, 1884, upon an application to annul the proceeding for partition and the sale of the land made to that end, upon the ground of numerous assigned defects and irregularities therein, which was denied and the validity of the proceeding upheld. The cause was remanded for an inquiry " as to the

payment of the purchase money and the manner of its disposition," of which this Court was not then satisfied. *Howerton* v. *Sexton*, 90 N. C., 581. At Spring Term, 1885, of the Superior Court of Nash, in accordance with the direction of this Court, the following order was made :

" This cause is recommitted to Geo. W. Blount to ascertain and report to the next term of this Court, as to the payment of the purchase money by the defendant, and the manner of its disposition, and to ascertain and report if there was any fraud or negligence on the part of the defendant in respect to the interests of the plaintiffs, for whom he was guardian *ad litem*, and by reason of which they suffered damages, and how much damage."

The referee, at his own request, was subsequently relieved of the duty imposed, and James M. Mullen appointed in his place, who made his report at Fall Term, 1886, as follows:

1. That, in the fall of 1871, defendant bought of the purchaser J. R. Moore, 83 acres of the tract, and paid him $830 therefor, and took from him a deed for same.

2. That, at that time, Moore had paid no part of the deferred payment for which he had given bond with surety.

3. That, subsequently thereto, defendant agreed to purchase of Moore the whole of the tract for $3,400 including the $830 he had previously paid.

4. That, in pursuance of said agreement, the defendant and the commissioner and Moore met together on the 1st of September, 1872. At that time Moore was guardian of plaintiff W. B. Howerton, he having been so appointed guardian on the 13th of ·August, 1872. It was agreed that defendant should take the place of the purchaser and settle with the commissioner and Moore, as guardian of W. B. Howerton, for the shares of George T. Howerton and W. B. Howerton, and with the plaintiff B. F. Draper for the shares of his wife Sally B., and W. F. Howerton. Draper was also present, representing himself as guardian of his wife and W. F. How-

erton, and assented to the above arrangement. Deed was thereupon prepared and passed, the commissioner conveying to Moore and Moore to defendant.

5. That it does not appear how Moore, as guardian of W. B. Howerton, was settled with, but from the fact that he, as purchaser, lost $510 in the trade, had, previously thereto, been paid $830, which was accounted for in the settlement, and that defendant assumed the payment of the whole amount due Sallie B. Draper and W. F. Howerton, and also made a payment to the commissioner, the referee finds that defendant paid Moore, as guardian aforesaid, nothing— the said Moore acknowledging satisfaction of his said ward's share in consideration of what had been previously paid him, in his individual capacity, under the sale of the eighty-three acres, and, in part, to secure his loss in the trade.

6. That, for the shares of the plaintiffs Sallie B. Draper and W. F. Howerton, the defendant gave to plaintiff B. F. Draper, as guardian of said plaintiffs, his notes, which notes he subsequently, and very soon thereafter, paid Draper in full.

7. That, at the time the defendant gave said notes, B. F. Draper represented himself as the guardian of Sallie B. and W. F. Howerton, and, at the time of the payment of said notes, he exhibited to defendant his letters of guardianship, and defendant fully believed him to be such guardian.

8. That the facts as to his alleged appointment are these: On the 11th of January, 1872, B. F. Draper applied for the guardianship of plaintiff Sallie, who was then his wife, and was appointed and duly qualified, and letters of guardianship as aforesaid, with her name only inserted therein, were issued to him. Not long thereafter, and before the settlement with the defendant, Draper applied to the Judge of Probate to be appointed guardian of W. F. Howerton, who was then fifteen years of age. The Judge of Probate, misconstruing his duty in the premises, simply inserted the name of said

W. F. Howerton in the letters previously issued to him as guardian of Sallie B., without qualifying him, remarking that his former bond would do. Said letters of guardianship, at the time they were exhibited to defendant, read as follows: "It being certified to the Judge of Probate for Nash County that Bettie Draper, W. F. Howerton, minor orphan, is without guardian, and B. F. Draper having applied for the guardianship of said minor child, and having been duly qualified as such; now these are, therefore, to authorize and empower said guardian to enter in and upon all and singular the goods and chattles, rights and credits of said minor orphan, wheresoever to be found, and the same take in possession, secure and improve; and, further, to manage said estate, and every part thereof, for the benefit and advantage of said minor orphan, and according to law."

9. That it does not appear what disposition the plaintiff B. F. Draper made of the share of said land fund he received for his wife, but the referee finds that he has appropriated the same to his own use, and is chargeable with the principal thereof. It does not appear what were the expenses attending the sale of the land, but the referee considers $250 a liberal allowance therefor, so that the principal amount of each share is $915.

10. That, of the share of W. B. Howerton received by said Draper, he has paid said Howerton $142 and appropriated the balance, to-wit, $773, with interest from December 7, 1870, to his own use.

11. That Moore, guardian of W. B. Howerton, sold to his ward in 1871 two horses and one buggy for $510, and paid about the same time $60 to one Taylor for him, and in 1874, a short time after said W. B. Howerton became of age, paid him $130 as balance due him, the above amounts ($570) being allowed in the settlement. It does not appear what

was a fair value for the horse and buggy, and the referee finds that they were worth the sum paid for them.

12. That the defendant, as guardian *ad litem* for plaintiffs, failed to represent them in the special proceeding for the sale of the land, in that he filed no answer, and did not see to it that a proper order was made for the distribution of the fund arising from the sale; that he failed to make proper payment to Moore, as guardian of the plaintiff W. B. Howerton, and was a party to the misappropriation by said guardian of his ward's funds; that he made no inquiry of the Judge of Probate to ascertain whether the plaintiff B. F. Draper was the duly appointed and qualified guardian of the plaintiffs Sallie B. Draper and W. F. Howerton, but relied solely upon the representations of said Draper and upon the letters of guardianship shown him.

13. That no damage was suffered by plaintiffs by reason of defendant's failure to file answer for them in the special proceeding aforesaid. It was to their interest to have the land sold, and it brought more than a full and fair price. Neither have they sustained damage on account of the imperfect order of distribution; that the payment to B. F. Draper, guardian of plaintiff Sally, was right and proper, and she has suffered no damage at the hands of defendant.

That the payment of said Draper of the share of W. F. Howerton was not a valid payment, and the defendant is chargeable therewith, less $140 paid said Howerton. Amount to which said Howerton is entitled is $773 ($915 less $142), with interest from December 7, 1870, till paid.

That there was no payment by defendant of the share of plaintiff W. B. Howerton, but as said plaintiff has received large amounts from his guardian on account thereof, the defendant is entitled to credits therefor:

| | | |
|---|---|---|
| Amount due him as of Dec. 7, 1870____$915 00 | | |
| Interest to January 23, 1874_____ 169 27 | | |
| | | $1,084 27 |
| Am't paid to him in '71, say Jan. 23, '71. $570 00 | | |
| Interest to January 23, 1874_____ 102 60 | | |
| Amount paid him January 23, 1874___ 130 00 | | |
| | | $802 60 |
| Amount unpaid_____ _____ | | $281 67 |

Such balance ($281.67) is the amount with which defendant is chargeable on account of the share of plaintiff W. B. Howerton, said amount bearing interest from January 23, 1874, till paid.

Of the plaintiffs' exceptions to the report all were abandoned on the hearing, except one, to-wit, that he finds no damage to have been sustained by plaintiff by reason of defendants' failure to file an answer for them in the special proceeding; that it was to their interest to have the land sold and it brought more than a fair price; that the payment to B. F. Draper, as guardian of Sallie B. Draper, was right and proper, and that she has sustained no damage at the hands of the defendant.

The following are the defendants' exceptions:

1. Because the said referee finds that, when the commissioner Draper, and J. R. Moore and J. T. Sexton, met together September 1, 1872, to settle the matter of the land purchased, the said Sexton paid the said Moore as guardian of W. B. Howerton nothing, the said Moore acknowledging satisfaction of his said ward's share, in consideration of what had previously been paid to him in his individual capacity, &c. That the evidence previously taken by Mr. Blount, referee, should be considered as taken by Mr. Mullen, corrected, however, by the affidavits of J. T. Sexton and J. R. Moore, and this should have been stated by Mr. Mullen in

his report. The finding of fact above mentioned is contrary to the evidence, nothing of the kind being brought out on cross-examination of defendant Sexton, and all the testimony showing that Moore, as guardian, received his ward's share in full.

2. Because the referee finds that Sexton failed to make proper payments to J. R. Moore, as guardian of W. B. Howerton, and was a party to the misapplication by said guardian of his ward's funds.

3. Because the referee makes a distinction between the payment by Sexton of the share of Sallie Bettie Draper, and his payment of W. F. Howerton's share, to their guardian, B. B. Draper. It should have been decided that each was a good payment, made in accordance with an order of the Court in the original special proceedings.

4. Because the referee fails to declare, as a matter of law, that B. F. Draper was appointed guardian of W. F. Howerton by the proper authority, that his letters were not void, and would protect those who acted on the faith of their being valid. (Complaint is filed by B. F. Draper, as guardian of S. B. D. and W. F. H.)

5. Because he finds that the defendant was derelict, as guardian *ad litem*, in not filing an answer for his ward, in not causing a proper order of distribution to be made, and in not inquiring as to whether B. F. Draper was duly appointed guardian of W. F. Howerton—the Supreme Court having declared, when passing on this cause, with the entire record of said special proceeding before them, that Sexton, as guardian *ad litem*, had been guilty of no dereliction of duty.

6. Because it is erroneously decided, or declared, by the referee, that Sexton owes W. B. Howerton $281.67 and interest, and W. F. Howerton $773 and interest, whereas it should have been declared that he owes neither of them anything.

104—6

7. Because the referee failed to find that W. B. Howerton ratified all acts of his guardian in reference to this purchase money by settling with him.

The Court overruled all the exceptions filed by the plaintiffs, sustained the defendant's exceptions numbered 1 and 2, overruled the remainder, and adjudged " that the plaintiff Wiley F. Howerton recover of the defendant John T. Sexton $773, with interest from December 7th 1870, until paid, and costs of this action. The aforesaid debts and costs are a charge on the lands described in the pleadings, and if the defendant shall fail to pay said debt and costs on or before September 1, 1887, then Jacob Battle and R. A. P. Cooley, who are hereby appointed commissioners for that purpose, shall sell at public auction to the highest bidder for cash, and out of the proceeds they shall pay said debt, interest and costs, and they shall make report to the next term of this court."

*Mr. Charles M. Cooke.* for the plaintiffs.
*Mr. Jacob Battle*, for the defendant.

SMITH, C. J. (after stating the case). Preliminary to the hearing of the plaintiffs' appeal, the defendant's counsel entered a motion to dismiss it, on the ground that the undertaking required to perfect it was not executed until after the expiration of the sixty days allowed, after trial, for preparing the case, in explanation of the delay in which affidavits on either side were read. The term of the Court at which the trial took place, ended on May 14, 1887, from which sixty days were allowed, and entered of record to each party, in which to perfect their appeals, and the plaintiffs' undertaking bears date September 19, 1887, more than four months thereafter. It is unnecessary to inquire into the matters in excuse, controverted in some degree, and

doubtless the result of mutual misunderstandings of counsel, since an answer to the motion is found in the enactment of the last General Assembly (Acts 1889, ch. 135), of which section 6 provides that " no appeal shall be dismissed in the Supreme Court on the ground that the undertaking on appeal was not filed or the deposit made earlier ; provided, the undertaking shall be filed, or such deposit made, before the record of the case is transmitted by the Clerk of the Superior Court to the Supreme Court."

The act declares, further, that its provisions " shall apply to causes now pending in the Supreme Court."

This removes the objection growing out of the delay in giving the security, and requires us to refuse the motion to dismiss.

While both parties complain of the overruling of their several exceptions, and the plaintiffs of the sustaining of the defendant's exceptions in part, we deem it most convenient to enter upon a consideration of the entire subject matter in controversy, and dispose of both appeals at once.

1. The defendant's exception is pointed mainly to findings of fact which, as the order of reference, made without objection, and transferred to the referee the determination of issues of fact as well as of law, substituting him in place of both Judge and jury, are conclusively determined in the Court below. This has been repeatedly decided. *Barcroft* v. *Roberts*, 91 N. C., 363 ; *Cooper* v. *Middleton*, 94 N. C., 86 ; *Rhyne* v. *Love*, 98 N. C., 486 ; *Battle* v. *Mayo*, 102 N. C., 413.

There is in the plaintiffs' sole exception to the adverse ruling, one involving a question of law which we are required to notice and dispose of, and that is the payment of the share of Sallie B. Draper to B. F. Draper as her guardian.

There is no controversy as to the validity of an order committing to him the trust of the guardianship, but objection is taken to his receiving her share of the fund, while the

statute then in force (Bat. Rev., ch. 84, § 17) requires the shares belonging to "an infant, a married woman, *non compos*, imprisoned or beyond the limits of the State " * * " to be so invested or settled that ·the same may be secured to such party or his real representative." *The Code*, § 1908.

The answer to this exception is found in the judgment that the proceeds of sale be paid over to the several parties, tenants in common, as they were " entitled to the land according to law," and, of course, this was a direction to pay over the shares of infant owners to their guardian, who represents them. and such, we believe, is not only consonant with the general practice in the construction of the statute, but a correct interpretation of its meaning. For such delivery to a guardian who has given bond is a settling, and the share is "secured to such party or his real representative."

And so it is recoverable by the real representative, in case of death, in an action upon the guardian bond, as decided in *Allison* v. *Robinson*, 78 N. C., 222, and in other cases.

Certainly a payment to the guardian Draper was rightful and proper, as the only party entitled to receive his wife's share, as her guardian, and an acquittance of the defendant, who had assumed the place of purchaser.

This disposes of the plaintiffs' exception, and we now proceed to consider those of the defendant.

His first two exceptions, which, in effect, exonerate the defendant from liability for the share of W. B. Howerton, are sustained, and the other five overruled. These may be grouped in one general complaint, that the defendant is charged with the payment of any sum to W. F. Howerton, expanded into several particulars, to-wit:

1. That B. F. Draper is not declared the legally appointed guardian to the infant, and as such entitled to recover his share:

2. Because the defendant is held to be derelict in not inquiring fully into the manner of the alleged appointment before making such payment to him.

3. For that he was negligent in his duty as guardian *ad litem*, in not seeing that a proper order for the distribution of the fund was made.

The essential inquiry in disposing of these matters relates to the legality and regularity of the action of the Clerk in appointing the guardian of W. F. Howerton, and its sufficiency to authorize his reception of the infant's share and giving effectual acquittance to the defendant. ·

The referee in his report sets out the order of appointment which is full and explicit, conferring upon the guardian all the rights incident to the appointment made of the guardian to both infants.

It invests the defendant with all the powers incident to the trust and necessary in taking into possession and managing the estate of each, and nothing in its form awakens suspicion, or is calculated to cause distrust. When the defendant gave his notes to Draper, the latter assured him of his being appointed guardian, both to Sallie B. and W. F. Howerton, and when he paid his notes the letter of appointment was exhibited, and the defendant fully believed him to be guardian. With these findings, notwithstanding the irregularity of the appointment, which was unknown to the defendant, we think the defendant, acting in entire good faith, was warranted in recognizing the appointment and making a payment. He had a right to assume that the appointment was regularly made with an observance of the requirements of law, and with the full security of the bond given for the faithful discharge of the trust attaching thereto. Furthermore, we are disposed to hold the appointment itself effectual, for it is made in proper form, and the defect lies in the omission to take the bond, with surety, of the defendant, an omission not affect-

ing its validity, but subjecting the Clerk to the consequences of such neglect.

The giving the bond, though required, is not essential to the efficiency of the act of appointment itself, and this principle is established in several cases where the letters of administration were granted on giving the proper bond, when none was, in fact, given. *Hoskins* v. *Miller*, 2 Dev., 360; *Spencer* v. *Cahoon*, 4 Dev., 225; *Spencer* v. *Cahoon*, 1 D. & B., 27; *Hughes* v. *Hodges*, 94 N. C., 56.

Judgment will be entered according to this opinion, in favor of defendant.

Affirmed on plaintiffs' appeal. Error on defendant's appeal.