IN THE MATTER OF THE ESTATE OF JOHN PITCHI, DECEASED.

(Filed 1 March, 1950.)

1. Clerks of Court § 4—

The clerk of the Superior Court when acting as probate judge is a court of general jurisdiction in respect to probate matters.

2. Same: Executors and Administrators § 2a—

The jurisdiction of the clerk as probate judge is invoked by petition disclosing the requisite jurisdictional facts filed by some person entitled to qualify as executor or administrator. G.S. 28-1, G.S. 28-6.

3. Executors and Administrators §§ 2a, 2c—

The giving of bond is not essential to the efficacy of the appointment of an executor or administrator by the probate judge, but the failure to give bond is an irregularity which renders the letters of administration voidable.

4. Executors and Administrators § 3—

Where letters of administration have been issued by the probate judge they are not subject to collateral attack.

5. Same—

Where, upon service of order to show cause why letters of administration should not be revoked for failure of the administrator to give bond, the administrator files bond with sufficient surety which is approved by the clerk, the irregularity is cured and the denial of the motion to vacate the letters of administration is not error.

APPEAL by petitioner from Bone, J., in Chambers at Nashville, N. C., 19 November 1949, WILSON. Affirmed.

Administration of the estate of an intestate, heard on motion to revoke and vacate the letters of administration.

John Pitchi died intestate 6 July 1948. On 13 September 1948, Nelson Pitchi was appointed administrator of his estate, and letters of administration were issued. No administration bond was executed, tendered to, or accepted by the clerk. The administrator instituted an action against Bogue Sound Club, Inc., under the wrongful death statute. Thereupon, said corporation petitioned the clerk for a rule to show cause why said letters should not be vacated. The rule was issued and served upon the administrator. The administrator then filed with the clerk an administrator's bond which was approved and accepted by the clerk.

When the rule to show cause came on to be heard, the clerk found the facts and, upon the facts found, adjudged that Pitchi was and is the duly appointed, qualified, and acting administrator of the estate of John Pitchi, and denied the motion to vacate. The petitioner appealed to the judge of the Superior Court. The judge, upon hearing the appeal, affirmed the judgment of the clerk, and petitioner appealed to this Court.

*Connor, Gardner & Connor for petitioner appellant.*
*Charles B. McLean and F. L. Carr for respondent appellee.*

BARNHILL, J. The orderly administration of the estates of decedents is a necessary incident to the devolution of property by inheritance or under testamentary devise. Such administration is a matter of public interest and is regulated by law. Under our statute jurisdiction is vested in the clerk of the Superior Court acting as probate judge. When so acting, his court, in respect to probate matters, is a court of general jurisdiction.

His jurisdiction is invoked by application or petition by some person entitled to qualify as administrator or executor, G.S. 28-6, in which the requisite jurisdictional facts, G.S. 28-1, are made to appear. *Batchelor v. Overton,* 74 S.E. 20; *Holmes v. Wharton,* 194 N.C. 470, 140 S.E. 93; *Brooks v. Clement Co.,* 201 N.C. 768, 161 S.E. 403.

While the administrator is required to give bond for the faithful performance of the trust reposed in him, GS. 28-34, the authority of the probate judge to appoint does not rest on the bond. That is merely a question going to the manner of qualifying under the appointment. 21 A.J. 449, sec. 126.

"The giving of the bond, though required, is not essential to the efficiency of the act of appointment itself." *Howerton v. Sexton,* 104 N.C. 75; *In re Wiltsey's Will,* 109 N.W. 776; *Beresford v. Coal Co.,* 98 N.W. 902, 70 L.R.A. 256; *Leatherwood v. Sullivan,* 81 Ala. 458; 21 A.J. 449, sec. 126; 33 C.J.S. 988; 2 Amer. Law of Administration 836, sec. 253.

When the appointment has been made and letters of administration have been issued, the letters are valid. "The failure to give a bond or the

giving of an insufficient bond is only an irregularity, in no way affecting the validity of the appointment." *Batchelor v. Overton, supra; Hughes v. Hodges,* 94 N.C. 56.

The irregularity makes the letters of administration voidable only—a condition which may be cured by full compliance with the statute. *In re Wiltsey's Will, supra.* The conclusion that this is true is implicit in the uniform decisions in this and other jurisdictions to the effect that such letters once issued are not subject to collateral attack, *Batchelor v. Overton, supra; Tyer v. Lumber Co.,* 188 N.C. 274, 124 S.E. 306; *Brooks v. Clement Co., supra,* for a void order or decree is *coram non judice* and may be attacked whenever and wherever it is asserted. *Monroe v. Niven,* 221 N.C. 362, 20 S.E. 2d 311.

Of course the issuance of letters of administration without first requiring a good and sufficient bond is a serious irregularity. Whenever such inadvertence is called to the attention of the clerk he should promptly demand bond, in default of which he should recall and revoke the letters of administration. In the meantime, his official bond is liable for any *devastavit* occurring prior to the filing of a bond. *Plemmons v. R. R.,* 140 N.C. 286.

Here a bond with sufficient surety has been tendered to and accepted and approved by the clerk. As the only asset of the estate is the claim for damages for wrongful death, the bond, for the time being, is sufficient in amount. Upon a recovery in the pending suit the clerk may and should require additional bond commensurate with the amount of recovery. In the meantime the respondent is fully authorized to act as administrator of his intestate's estate.

*In re Will of Winborne, ante,* p. 463, is clearly distinguishable. In an administration, compliance with the statute in respect to bond is procedural while in a caveat proceeding it is jurisdictional. In an administration, jurisdiction is invoked by an application for the appointment of an executor or administrator. In a caveat proceeding authority to act vests in the clerk only "when a caveator shall have given bond" or otherwise complied with the statute in respect thereto.

For the reasons stated the judgment below is

Affirmed.