IN THE MATTER OF: STATE TRUST COMPANY, TRUSTEE, v. KATIE B. TOMS, M. F. TOMS, CHARLES FRENCH TOMS, MRS. ALBERT TOMS BROWN, MAURICE TOMS, MARGARET TOMS.

(Filed 31 October, 1956.)

**1. Judgments § 20—**

Where the judgment roll in a proceeding for the appointment of a successor trustee fails to show the judge's approval of the clerk's order appointing the successor trustee as required by G.S. 36-12, the court may, upon motion in the cause, hear evidence, and upon its finding therefrom that the presiding judge did in fact approve the order and that the order of approval was lost without having been spread upon the minutes as required by G.S. 2-42(9), order that the minutes be corrected to speak the truth.

**2. Same—**

Upon the hearing of a motion in the cause to correct the minutes of the court to make them speak the truth, the loss and contents of missing records may be established by affidavits.

**3. Same—**

Where the records of a court are corrected upon a motion in the cause to make them speak the truth, the record as corrected has the same efficacy as though the proper entries had been made at the time.

**4. Trusts § 9—**

Where a trustee of an active trust resigns and a successor is appointed by the clerk and approved by the judge, the fact that the successor trustee failed to give the bond specified in G.S. 36-17 does not render the appointment void.

**5. Same—**

Where a successor trustee is duly appointed, the beneficiaries of the trust may not wait 16 years, during which time they joined in a proceeding to authorize the successor trustee to sell assets for reinvestment and during which time the income of the trust was paid to the life beneficiary, and then, upon discovering that the successor trustee had embezzled the assets thus realized, seek to hold the original trustee liable on the ground that the successor trustee failed to file bond as required by G.S. 36-17.

JOHNSON, J., not sitting.

APPEAL by Katie Toms and Maurice Toms from judgment of *Pless, J.,* in Chambers, March 1956.

On 13 September, 1955, Maurice A. Toms filed in the Superior Court of Henderson County a motion in the above-entitled cause in which he alleged: In August 1926, Central Bank and Trust Company of Asheville was appointed trustee of certain properties and funds pursuant to the will of Marion C. Toms, that the beneficiaries of the trust were Katie B. Toms, 87 years of age, a resident of New Orleans, for the term of her natural life, and subject to the life interest of Katie B. Toms said trust was held for the benefit of Margaret Toms Scott, a resident of Asheville, M. F. Toms, a resident of Hendersonville, Charles French Toms, Jr., a resident of Asheville, Mrs. Albert Toms Brown, a resident of Asheville, and movant, "a resident and citizen of Cuyahoga County, State of Ohio, temporarily residing at 40 Woodward Avenue, Asheville, North Carolina"; that each of said beneficiaries in remainder had a one-fifth interest; that on 10 February, 1931, State Trust Company "was duly appointed substitute Trustee in lieu of the said Central Bank and Trust Company, with the same powers and duties . . ." He alleged that State Trust Company, seeking to be relieved of its duties as trustee, filed a petition with the clerk of the Superior Court, and upon such petition an order was, on 26 April, 1937, signed by the clerk directing

that the trust estate and assets be turned over to Thomas H. Franks as successor trustee. Said order, recorded in the special proceeding minute docket, is by reference incorporated in the motion. Movant alleges that Thomas H. Franks is now serving a term in the penitentiary for embezzlement. He avers that the order of 26 April, 1937, appointing Franks successor trustee purports to have been made pursuant to the provisions of art. 3, Ch. 36, of the General Statutes; that the order was ineffectual to appoint Thomas H. Franks as trustee or to relieve State Trust Company of its duties as trustee for that (1) the order was never submitted to or approved by the judge as required by G.S. 36-12, and (2) the bond required by G.S. 36-17 was not given by Franks. He alleges that Franks began converting the trust funds "almost immediately after the said trust funds were turned over to him," but the fact of the conversion was concealed and unknown to movant until October 1953. He asks (1) that Franks be made a party respondent, (2) that the order of 26 April, 1937, be declared void and ineffectual and set aside for incompleteness, (3) that State Trust Company be declared liable for all funds by it paid to Franks as successor trustee pursuant to the order of 26 April, 1937, and that it be required to pay said sums into court, (4) that the court appoint a new trustee to receive said funds and that the new trustee be directed to pay the interest thereon to Katie B. Toms for life, and (5) for such other relief as to the court may seem proper.

Thereafter Katie B. Toms entered an appearance and adopted the motion filed by Maurice Toms as a motion made by her.

State Trust Company answered the motion and asserted that the order of the clerk entered 26 April, 1937, permitting it to resign and appointing Franks as successor trustee was submitted to and approved by Judge Clement while he was regularly holding courts in Henderson County in the spring of 1937. It alleges that after the order permitting it to resign had been signed, it delivered the trust assets to Thomas H. Franks, and that he actively entered upon the performance of his duties as successor trustee. State Trust Company alleges that all the original papers in the proceeding under which it was permitted to resign and Franks was appointed as successor trustee have been lost or misplaced and cannot, after due diligence, be found, and the order of Judge Clement approving the proceeding was lost without being recorded. It denies that Franks as successor trustee failed to give bond and, for want of information, any embezzlement by Franks. It pleads laches and the ten-year statute of limitations.

A hearing on the motion was had by the clerk of the Superior Court of Henderson County, who found that a diligent search had been made for the original papers in Special Proceeding 935 entitled: "IN THE MATTER OF STATE TRUST COMPANY, TRUSTEE," being the proceeding in

which State Trust Company was permitted to resign; that the original papers could not be located, and that they had been lost or unlawfully removed from the office of the clerk of the Superior Court of Henderson County; and that the records of the Superior Court of Henderson County show that Judge J. H. Clement was the judge presiding over the Superior Courts of the Eighteenth Judicial District during the 1937 Spring Terms. He found there is no minute of an order signed by Judge Clement approving the order of 26 April, 1937.

The clerk of the court found as a fact that the order of 26 April, 1937, appointing Franks successor trustee, was approved by Judge Clement. This finding is based on affidavits of Monroe M. Redden, who conducted the proceeding for State Trust Company in 1937, and of Thomas H. Franks. The loss of the original papers was also supported by an affidavit of the clerk.

The clerk denied the motion. Movants appealed to Judge Pless, who likewise found that Judge Clement, holding the courts in Henderson County in the spring of 1937, had signed an order approving the order made by the clerk on 26 April, 1937, and that the order of Judge Clement had been lost without having been spread on the minutes. He found that movant and all other beneficiaries were properly before the court when the order of 26 April was signed, and that they were also properly before the court in July 1937 when an order was entered in a proceeding by the life tenant against the remainder beneficiaries which authorized Franks, as successor trustee, to sell certain of the assets delivered to him in April 1937 by State Trust Company; that all the beneficiaries were, on 26 April, 1937, more than twenty-one years of age. He found that neither party offered any direct evidence tending to show that Franks, as successor trustee, had or had not given a bond except that movants offered the book which the clerk was required to keep and in which he was required to record all bonds and said record did not show that any bond had been given. Thereupon, Judge Pless denied the motion.

*O. B. Crowell and R. Lee Whitmire for appellee.*

*M. F. Toms, Jr., and Ward & Bennett for Katie B. Toms, appellant.*

*Maurice A. Toms in propria persona.*

RODMAN, J. The record presents these questions:

(1) When the original judgment roll has been lost or destroyed, is it permissible, by motion in the cause, to show that only a portion of the proceeding has been docketed and recorded and the contents of the missing portions?

(2) If so, may the loss and contents of the missing portion be established by affidavits?

(3) Is an order permitting a trustee to resign and appointing a successor void if the court does not compel the successor trustee to give the statutory bond?

(4) Should movants be denied relief because of laches?

The evidence supports the finding of fact that the original papers have been lost. The statute, G.S. 2-42(9), requires the clerk to keep a special proceeding docket "which shall contain a docket of all writs, summonses, petitions, or other original process issued by him, or returnable to his office, and not returnable to a regular term; this docket shall contain a brief note of every proceeding, up to the final judgment inclusive."

Such a docket was kept by the clerk of the Superior Court of Henderson County. The proceeding of State Trust Company *v.* Katie B. Toms, or a part of said proceeding, was there recorded, namely, the petition seeking authority to resign with a detailed statement of the assets and liabilities as of 18 February, 1937, showing a net principal balance of $25,055, a statement of income and disbursements from 25 March, 1931, through 18 February, 1937; the order of the clerk dated 26 April, 1937, accepting the tendered resignation of State Trust Company and appointing Thomas H. Franks as successor trustee with a direction to State Trust Company "to turn over said assets to said Successor Trustee and to accept his receipt therefor as a complete settlement of the property on hand belonging to the estate"; a statement of principal account from 18 February, 1937, through 29 April, 1937, with an affidavit of the trust officer of respondent that the statement of the principal account was correct, and that the assets as listed had been delivered to Thomas H. Franks, successor trustee; a statement of income account from 18 February, 1937, through 29 April, 1937; and an affidavit of the trust officer of respondent that the statement was correct, and that he had paid Thomas H. Franks, successor trustee, the sum of $154.52, the balance shown in the income account.

The parties stipulated that Katie B. Toms, Maurice Toms, and Margaret Toms Scott were in 1937 served by publication; the other beneficiaries were personally served.

Movants offered the special proceeding docket, insisting that the docket constituted the judgment roll and as such was binding on the parties. They insist that the record discloses no approval of the clerk's order by the judge as required by G.S. 36-12, nor does the order contain any provision for bond nor is there any record of a bond given by the successor as required by G.S. 36-17. Movants assert that the docket is conclusive and cannot be supplemented, modified, or corrected.

The attack here made on the order of resignation is not a collateral attack. It is a motion in the cause in which the court, upon the asser-

tion of respondent that all of the record has not been recorded, has the power and should determine what in fact was done.

It is to provide a permanent record and guard against loss of the original papers that the statute (G.S. 2-42) directs the clerk to keep books in which the papers may be transcribed. The failure of the clerk to comply with the statute by neglecting to record all or a part of a proceeding does not render the proceeding void. Any interested party may, by motion, require the proceeding to be recorded and when a part of the papers has been lost without being recorded, the proceeding does not, because of that fact, lose its vitality or cease to give the protection which the complete record would afford. The power of a court to make its records speak the truth cannot be doubted. To hold otherwise would make a mockery of justice. *S. v. Cannon, ante,* p. 399.

"It is well settled that in any case where a judgment has been actually rendered, or decree signed, but not entered on the record, in consequence of accident or mistake or the neglect of the clerk, the court has power to order that the judgment be entered up *nunc pro tunc* provided the fact of its rendition is satisfactorily established and no intervening rights are prejudiced." *Creed v. Marshall,* 160 N.C. 394, 76 S.E. 270; *S. v. Cannon, supra; Galloway v. McKeithen,* 27 N.C. 12; *Mayo v. Whitson,* 47 N.C. 231; *Kirkland v. Mangum,* 50 N.C. 313; *Freshwater v. Baker,* 52 N.C. 404; *Pendleton v. Pendleton,* 47 N.C. 135; *McDowell v. McDowell,* 92 N.C. 227; *Oliver v. Highway Commission,* 194 N.C. 380, 139 S.E. 767; 30 Am. Jur. Judgments 108. Additional authorities are assembled in the notes 10 A.L.R. 565 and 67 A.L.R. 837.

The finding by Judge Pless, "Upon due consideration of all the evidence offered by both sides and the available records in the office of the Clerk of Superior Court of Henderson County, the Court finds as a fact that the order of April 26, 1937, was approved by J. H. Clement, then Superior Court Judge . . .," is sufficient to meet the requirements of G.S. 36-12 and is authority to the clerk to correct his minute docket to conform to the facts.

It was competent to prove by affidavit the fact that Judge Clement had made an order approving the proceeding and the loss of this order before it was spread on the minutes. This very question was debated and decided by this Court in the case of *Mayo v. Whitson, supra. Nash, C. J.,* speaking with reference to the competency of proof by affidavit said: "When the object of the petition is considered it will at once be seen that the testimony was competent. It is the duty of the Court to see that their records speak the truth, and their general power to do so is not questioned. The Court, in discharging its duty in this particular, may hear any testimony which is calculated to satisfy its judgment. It is not deciding a question of property between litigating parties, but one touching the correctness of its officer in the performance of his

clerical duties. It was inquiring whether its records speak the truth? Whether its order has been obeyed? It is entitled to draw evidence from any pure source." *Moye v. Petway*, 75 N.C. 165; *Creed v. Marshall, supra; Springs v. Schenck*, 106 N.C. 153; *Davis v. Shaver*, 61 N.C. 18; *McLendon v. Jones*, 42 Am. Dec. 640.

The court's finding on competent evidence that Judge Clement by order approved the proceeding and particularly the order authorizing State Trust Company to resign and appointing Franks as successor is conclusive. The record thus corrected has the same efficacy as if the original order signed by Judge Clement had been offered in evidence.

Movants assert that the resignation authorized and settlement consequent thereon can have no validity because the bond which the clerk is directed by G.S. 36-17 to require of a new trustee was not given, or, if given, was not recorded as required by that statute.

The clerk found: "movant did not offer any evidence tending to show no bond was given by the Successor Trustee other than the evidence hereinbefore referred to; (that is, the minute docket where the proceeding is recorded and the absence of the original papers) that it is the usual custom in proceedings of this kind for the bond to be filed in the jacket with the original papers and without being recorded." This finding of fact was reiterated by Judge Pless in the identical language of the clerk with this addition: the court "fails to find as a fact that the bond required of a successor Trustee in a proceeding of this nature was not filed with the Court."

It was stated on the oral argument that Franks, as successor trustee, had made income payments to Katie B. Toms, the beneficiary for life, until 1953. Presumably he regularly filed accounts showing his receipts and disbursements with the clerk and the beneficiaries. If such accounts were filed, they would presumably show the amounts, if any, paid by Franks as premiums and to whom paid. The record does not disclose whether Franks in fact filed any accounts nor what premiums, if any, were paid.

If it be conceded that Judge Pless should have found as a fact that Franks as successor trustee had not given bond, would that fact invalidate the settlement made by State Trust Company with Franks in 1937 in conformity with a duly approved order of a court with jurisdiction of the subject matter and of the parties?

This Court has not heretofore been called upon to decide what is the effect of the failure to give the bond specified in G.S. 36-17. It will be noted that this section applies to executors, administrators, guardians, trustees, and other fiduciaries. All are put in the same class. No good reason appears why the rule applicable to the original appointment of such fiduciaries should not apply to the appointment of a successor.

Our statutes make provision for the giving of bonds by the fiduciaries of the kind named in G.S. 36-17.

With certain specific exceptions, a foreign executor must give bond before intermeddling with the estate. G.S. 28-35(1). Every administrator and collector, before letters are issued, must give bond payable to the estate. G.S. 28-34. No guardian appointed for a minor or other incompetent is permitted to receive property of his ward "until he shall have given sufficient security, approved by a judge, or the court, to account for and apply the same under the direction of the court." G.S. 33-12.

The language of these statutes is as imperative as the language of G.S. 36-17. Nevertheless, it has been consistently held that the failure to require a bond does not under those statutes make the appointment void. It is but an irregularity relating to the qualification of the appointee. *In re Estate of Pitchi,* 231 N.C. 485, 57 S.E. 2d 649; *Batchelor v. Overton,* 158 N.C. 395, 74 S.E. 20; *Plemmons v. R. R.,* 140 N.C. 286; *Howerton v. Sexton,* 104 N.C. 75; *Garrison v. Cox,* 95 N.C. 353; *Hughes v. Hodges,* 94 N.C. 56; *Spencer v. Cohoon,* 18 N.C. 27; *In re Shin Mee Ho,* 73 Pac. 1002 (Cal.).

Whether the absence of a provision in the order of April 1937 requiring the successor trustee to give bond was an error to be corrected by appeal in due time or rendered the judgment irregular need not now be determined. The time to appeal elapsed many years ago. If the judgment was irregular, movants were required to act with diligence in an effort to correct it. They could not, with knowledge of the terms of the order, the transfer of the trust fund from respondent to Franks, knowledge that he was acting as trustee, making payments of the income to the life beneficiary for nearly seventeen years, expect the court to declare its judgment a nullity. There was nothing which prevented movants during the period from April 1937 to the discovery of the defalcation in 1953 from seeking an order compelling Franks to give an adequate bond. One must be diligent in seeking the correction of an irregular judgment. *Collins v. Highway Comm.,* 237 N.C. 277, 74 S.E. 2d 709; *Henderson v. Henderson,* 232 N.C. 1, 59 S.E. 2d 227; *Gough v. Bell,* 180 N.C. 268, 104 S.E. 535; *Currie v. Mining Co.,* 157 N.C. 209, 72 S.E. 980; *Glisson v. Glisson,* 153 N.C. 185, 69 S.E. 55; *Harrison v. Hargrove,* 109 N.C. 346.

Movants take no exception to the finding that they were properly before the court in Special Proceeding 675 which authorized Franks to sell for reinvestment a portion of the trust assets, which he received from State Trust Company. This order was entered 27 July, 1937. It contains this recital: "Whereas, on the 26th day of April, 1937, Thomas H. Franks of Hendersonville, N. C., was duly appointed successor trustee to said State Trust Company . . ."

So far as the record discloses, Mrs. Katie B. Toms never made any complaint about the failure of Franks to give bond, although she is recited as the petitioner in the proceeding filed in the summer of 1937 to sell for reinvestment part of the trust assets. Movant Maurice A. Toms merely says: "That your respondent Maurice A. Toms, being served by publication, *had no immediate opportunity of checking* and seeing that the statutes were followed in the said proceeding, and thereby make an attempt to preserve his interest in the said trust fund." (Emphasis added.) He avers that he did not ascertain until October 1953 that Franks had embezzled the trust fund, but he nowhere gives any indication as to when he learned that Franks had not given bond, if such is a fact. He nowhere gives any indication as to when he made an investigation or why he delayed for sixteen years in making an investigation. He did not, in July 1937, when Franks as successor trustee was applying to the court for permission to sell the very assets received from State Trust Company, offer any objection to the sale and reinvestment in a form which enabled the trustee to consummate the very embezzlement now complained of. State Trust Company was not then before the court; movant was.

This record does not indicate diligence on the part of movants. The facts found by Judge Pless are supported by the evidence. The judgment appealed from is

Affirmed.

JOHNSON. J., not sitting.