O. D. BATCHELOR, EXECUTOR OF V. B. BATCHELOR, v. J. D. OVERTON AND TOM TAYLOR.

(Filed 13 March, 1912.)

1. Clerks of Court—Probate Powers—Executors and Administrators —Orders—Collateral Attack—Practice.
    When the clerk of the Superior Court, in the exercise of his probate powers conferred by statute, has general jurisdiction of the subject-matter of the inquiry, as indicated in Revisal, sec.

16, and, on application made, has entered a decree appointing an executor or administrator, and letters are accordingly issued, such decree is controlling and may not be successfully attacked or in any way questioned except by direct proceedings instituted for the purpose.

2. Same—Nonresidents—Bonds—Irregularities.

When a foreign executor has been in all other respects regularly appointed and qualified by the clerk, his failure to give bond specified in Revisal, secs. 5 (5), 28, and 319, is only an irregularity, and cannot be collaterally attacked in an action brought by him to recover upon a note due the estate and to foreclose a mortgage securing it.

3. Clerks of Courts—Executors and Administrators—Nonresidents —Qualifications—Presumptions.

When it appears that an executor was regularly qualified by the clerk of the court having jurisdiction, it is a fair inference that at that time he was a resident of this State, though it is made to appear that he was nonresident at the time of the commencement of his action to collect a debt alleged to be due the estate; and *semble*, the prohibitive terms of Revisal, secs. 28 and 319, respecting the giving of a bond by nonresident executors, . does not apply to the facts of this case.

4. Clerks of Courts—Executors and Administrators—Nonresidents —Bills and Notes—Mortgages—Defenses.

The defendant having bought certain property from the plaintiff, as executor, gave his note for a part of the purchase price, and secured it by a mortgage on the property. In an action by the executor upon the note and mortgage, *Held*, the defense is not open that the executor, though duly qualified, was a nonresident, or that, not having given the bond as required by the statute, he could not maintain an action in our courts, neither the title nor possession of the purchaser having been disturbed or in any way questioned.

APPEAL from *Ferguson, J.,* at November Term, 1911, of NASH.

Action of claim and delivery. On reading the pleadings and it being admitted that plaintiff, at the time of trial, was not a resident of this State and had not given a bond in the State as executor, his Honor, on motion, entered judgment of nonsuit, and plaintiff excepted and appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Hoke.*

*E. B. Grantham and Austin & Davenport for plaintiff.*
*Brooks & Taylor for defendants.*

HOKE, J. It was alleged in the complaint and admitted in the answer that in December, 1902, plaintiff, O. D. Batchelor, was duly qualified as executor of V. B. Batchelor, deceased. The letters of administration to O. D. Batchelor of said date, in proper form, were received in evidence, showing that said V. B. Batchelor had died resident in Nash County, leaving a last will and testament and appointing plaintiff his said executor, and it was further admitted that the will provided that no bond should be required. It was further alleged in the complaint and admitted in the answer that in December, 1908, plaintiff, as executor, had sold and delivered to defendants the sawmill, engine, boiler, and other property, the subject of the controversy, for $600; had received $150 on the purchase price and took a mortgage on said property to secure the amount remaining due, to wit, $450, and the mortgage was made part of the complaint. It was further alleged in the complaint and denied in the answer that no other and further payment had been made on the purchase price, and that plaintiff was the owner of the property, under and by virtue of said mortgage, and had instituted present suit after the defendants had failed to make the payments required by said mortgage and after each and every of the payments therein mentioned had become due and payable.

On these facts and admissions, we are of opinion, and so hold, that plaintiff is entitled to proceed with his action, and that the order of nonsuit should be set aside, and this, although it was admitted further that, at the time of trial, the plaintiff was a nonresident and had given no bond. On this subject our statute, Revisal, ch. 1, sec. 5, subsec. 2, enacts that a nonresident may qualify as executor; section 28, that such executor shall give bond, etc.; and in chapter 9, sec. 319, it is provided that every executor, etc., from whom a bond is required by law, before letters issued, must give a bond, etc.

Notwithstanding these requirements of the statute, it is very generally held that when a clerk of our Superior Court, in the exercise of the probate powers conferred by statute, has gen-

eral jurisdiction of the subject-matter of inquiry, as indicated in chapter 1, sec. 16, Revisal, and on application made has entered a decree appointing an executor or administrator, and letters are accordingly issued, such decree is controlling and may not be successfully attacked or in any way questioned but by direct proceedings instituted for the purpose. *Fann v. R. R.,* 155 N. C., 136; *Jordan v. R. R.,* 125 Wis., 581, 4 Anno. Cases, 1113; Croswell on Executors, pp. 19-127.. In *Fann's case,* speaking to the general question, the Court said: "In this day and time and under our present system, it seems to be generally conceded that the decrees of probate courts, when acting within the scope of their powers, should be considered and dealt with as orders and decrees of courts of general jurisdiction, and, where jurisdiction over the subject-matter of inquiry has been properly acquired, that these orders and decrees are not as a rule subject to collateral attack. The facts very generally recognized as jurisdictional are stated, in section 16 of our Revisal, to be that there must be a decedent; that he died domiciled in the county of the clerk where application is made, or that, having his domicile out of this State, he died out of the State, leaving assets in such county or assets have thereafter come into such county; having his domicile out of the State, he died in the county of such clerk, leaving assets anywhere in the State or assets have thereafter come into the State; and where, on application for letters of administration, these facts appear of record, the question of the qualifications of the court's appointee cannot be collaterally assailed. That is one of the very questions referred to him for decision. But if a person has been selected contrary to the prevailing rules of law, the error must be corrected by proceedings instituted directly for the purpose," citing *Hall v. R. R.,* 146 N. C., 345; *Springer v. Shavender,* 118 N. C., 33; *Lyle v. Siler,* 103 N. C., 261; *Moore v. Eure,* 101 N. C., 11; *London v. R. R.,* 88 N. C., 585, and, generally, on the subject see *Dobler v. Strobler,* 9 N. Dakota, 104, with notes by the editor in 81 Amer. St. Rep., pp. 530-535; Croswell on Executors and Administrators, p. 19 *et seq.*

Applying the principle, authority here and elsewhere is to the effect that when a decree has been entered under circum-

stances stated, the failure to give a bond or the giving of an insufficient bond is only an irregularity, in no way affecting the validity of the appointment, and that such appointment may not be questioned collaterally. *Howerton v. Sexton,* 104 N. C., 75; *Garrison v. Cox,* 95 N. C., 353; *Hughes v. Hodges,* 94 N. C., 56; *Granberry v. Mhoon,* 12 N. C., 456; *Dobler v. Strobler, supra; Leatherwood v. Sullivan,* 81 Ala., 458; *Ex Parte Maxwell,* 37 Ala., 362; *Harris v. Chipman,* 9 Utah, 101; *In re Craig's Estate,* 24 Montana, 37; Croswell on Executors, p. 187. It would seem that the prohibitive terms of chapter 1, sec. 28, and chapter 9, sec. 319, do not apply to the present case, for while it is admitted for defendant that plaintiff is not at present a resident of this State, the admission also appears of record that plaintiff's qualifications in 1902 were regular and proper, and we think it a fair inference that when he originally qualified he was a resident of the State. *Moore v. Eure,* 101 N. C., 11. In such case, and in any event, the appointment should stand unless set aside and letters recalled by direct proceedings.

Apart from this, it is admitted that defendants bought the property from plaintiff and executed the mortgage sued on to him as executor, and in the absence of any proof or suggestion that defendants' possession had been disturbed or the title passed to him in any way rightfully questioned, it is not open to defendants to resist payment or the surrender of the property, as required by his contract. *Webster v. Laws,* 89 N. C., 225; 35 Cyc., p. 541.

There is error, and this will be certified, that the trial may proceed and the rights of the parties finally determined.

Reversed.