ANNIE TYER, ADMINISTRATRIX OF IRVING TYER v. J. B. BLADES LUMBER COMPANY.

(Filed 1 October, 1924.)

1. **Administration—Letters—Clerks of Court—Executors and Administrators—Jurisdiction.**

   Where applied for and granted to separate applicants for letters of administration in two counties, the one first acquiring jurisdiction has the sole and exclusive jurisdiction, though the decedent, at the time of his death, had his fixed domicile in both counties. C. S., 2, subsec. 1 (2) ; and this jurisdiction, when once acquired, cannot be collaterally impeached.

2. **Same—Appeal and Error.**

   Where the clerks of two counties have granted letters of administration to separate parties, and in the Superior Court of each county, the judgment of the respective clerks has been affirmed, the Superior Court will determine which of the letters were properly granted.

APPEAL by defendant from *Midyette, J.,* denying defendant's motion to revoke plaintiff's letters of administration on the estate of Irving Tyer, deceased. From CRAVEN.

*Ernest M. Green for plaintiff.*
*O. H. Guion for defendants.*

ADAMS, J. The death of the intestate occurred on 11 August, 1922, in Craven County. On 21 September, 1922, letters of administration were granted by the clerk of the Superior Court of Beaufort County to Asbury Tyer, a surviving brother, and on 8 December, 1922, the clerk of the Superior Court of Craven County likewise issued letters of

administration to Annie Tyer, the intestate's widow. On 21 September, 1922, Asbury Tyer as administrator brought suit against the defendant in Beaufort County to recover damages for wrongful death, and thereafter Annie Tyer as administratrix brought a similar suit in Craven. On 22 December, 1922, the defendant filed a petition before the clerk of the Superior Court of Beaufort County to revoke the letters issued to Asbury Tyer, and the clerk's denial of the petition was approved by the Superior Court on appeal. On 7 April, 1924, the defendant instituted a like proceeding before the clerk of the Superior Court of Craven for the recall of the letters issued to the intestate's widow. The clerk's order denying this motion was in like manner approved on appeal to the Superior Court.

We have therefore the singular situation of two suits for the recovery of damages against one defendant, pending in different counties and separately prosecuted by two personal representatives of one decedent. It hardly need be said that both administrations cannot be maintained. One must yield to the other, and the prevailing jurisdiction is defined by statute. The clerk who first gains and exercises jurisdiction of the administration of an estate thereby acquires sole and exclusive jurisdiction even if the decedent at the time of his death had his fixed place of domicile in more than one county. C. S., 2; subsec. 1 (2). And such jurisdiction when once acquired cannot be collaterally impeached. *Batchelor v. Overton*, 158 N. C., 396; *Fann v. R. R.*, 155 N. C., 136.

We have held that the judgment approving the appointment of Asbury Tyer was free from error, and as the clerk of the Superior Court of Beaufort had exclusive jurisdiction the letters of administration granted to Annie Tyer should be revoked.

The judgment is

Reversed.