MARION HINES, ADMINISTRATOR OF JAMES HINES, DECEASED, v. THE FOUNDATION COMPANY OF NEW YORK.

(Filed 28 November, 1928.)

**1. Executors and Administrators — Distribution of Estate — Assets not Available to Creditors—Wrongful Death.**

Damages for a wrongful death are not assets of the estate available to creditors, and are to be disposed of according to the canons of descent and distribution. C. S., 160, 161.

**2. Executors and Administrators—Appointment, Qualification and Tenure —Appointment of Two Administrators for Same Estate by Different Courts—"Full Faith and Credit."**

Where, in an action to recover for wrongful death, it appears that an administrator has been appointed under the laws of South Carolina after full notice to all of the distributees and heirs at law of the deceased, and that the administrator so appointed has made a compromise and settlement, and thereafter, upon allegation that the deceased was a resident of this State, an administrator had been appointed here: *Held,* under the full faith and credit clause of the Federal Constitution, Art. IV, sec. 1, the compromise effected by the administrator duly appointed under the laws of South Carolina will operate as an estoppel in an action brought here by the administrator appointed in North Carolina, in the absence of allegations of fraud, unfairness or injustice.

**3. Same—Application for Letters Determines Priority.**

Upon the question of whether an administrator has been first appointed in the jurisdiction of our court or in that of another State is determined by the time of the application of letters testamentary, whether first in this State or in the other State.

**4. Same—Appointment not Subject to Collateral Attack.**

The appointment of an administrator by a court of competent jurisdiction, where the death of the intestate is admitted, and fraud is not alleged, is not subject to collateral attack, but the validity of the appointment can be questioned only by a direct proceeding.

APPEAL by plaintiff from *Bond, J.,* at March Term, 1928, of DURHAM. No error.

Action to recover damages for wrongful death of plaintiff's intestate.

James Hines died in Greensboro, N. C., on 23 July, 1926. Plaintiff was appointed as his administrator by the clerk of the Superior Court of Durham County, North Carolina, on 17 August, 1926. Summons in this action was issued on 17 August and served on defendant on 18 August, 1926. In the complaint filed on 17 August, 1926, plaintiff alleged that the death of his intestate was caused by the negligence of defendant; he prayed judgment that he recover of defendant, as damages resulting from the death of his intestate, the sum of $10,000. His cause of action is founded upon a statute of this State. C. S., 160.

At the trial in the Superior Court the jury found that the death of James Hines, plaintiff's intestate, was caused by the negligence of defendant, as alleged in the complaint.

In bar of plaintiff's recovery of damages, as prayed for in his complaint, defendant relied upon a settlement of the claims of the next of kin of the deceased made by defendant with the administratrix of James Hines, deceased, appointed by the Probate Court of Florence County, South Carolina, on 20 August, 1926, pursuant to an application for such appointment made on 31 July, 1926, and upon a release executed on 20 August, 1926, by said administratrix.

The jury found that the release is valid, and that the claims of the next of kin of deceased against defendant, on account of his death, had been settled and paid.

From judgment on the verdict, denying plaintiff a recovery of damages in this action, plaintiff appealed to the Supreme Court.

*R. O. Everett and V. S. Bryant for plaintiff.*
*Fuller, Reade & Fuller for defendant.*

CONNOR, J. James Hines died in the city of Greensboro, in this State, on 23 July, 1926. His death was caused by the negligence of defendant, a corporation organized and doing business under the laws of the State of New York. Deceased at the date of his death was employed by defendant as a laborer, at Greensboro, N. C., where defendant was engaged in the construction of a hotel. Defendant is liable for such damages as are a fair and just compensation for the pecuniary

injury resulting from the death of the deceased, to be recovered by his administrator, in an action brought within one year after his death. The amount recovered in such action is not liable to be applied as assets in the payment of the debts of deceased, but must be disposed of in accordance with the provisions of the Statute of Distribution of this State. C. S., 160, and C. S., 161.

On 31 July, 1926, Louvenia Hines, widow of James Hines, applied to the Probate Court of Florence County, South Carolina, for letters of administration upon the estate of the decedent. In her application for such letters, which was in writing, the said Louvenia Hines represented to said court that James Hines was dead; that at the date of his death, and prior thereto, he was a resident of Florence County, South Carolina; that his next of kin and heirs at law were Louvenia Hines, his widow, and Precious Hines, his daughter; that there were no assets belonging to the estate of the decedent, except a claim for unliquidated damages against the Foundation Company, the defendant in this action. A citation was made by said court, addressed to all and singular the kindred and creditors of James Hines, deceased, admonishing them to appear before the judge of said court on 16 August, 1926, to show cause, if any they had, why the application of the said Louvenia Hines should not be granted. Thereafter, on 20 August, 1926, an order was entered by said court appointing the said Louvenia Hines administratrix of James Hines, deceased, and directing that letters of administration upon his estate be issued to her. The said Louvenia Hines duly qualified as administratrix of James Hines, deceased, and thereafter upon the payment to her, as such administratrix, of the sum of $1,500, by defendant, she executed the release set up in defendant's answer as a bar to plaintiff's recovery in this action. This release is sufficient in form to discharge defendant from liability for any other or further sum as damages resulting from the death of James Hines. The sum of $1,500, paid by defendant to Louvenia Hines, administratrix of James Hines, has been disposed of in accordance with the provisions of the Statute of Distribution of South Carolina, which is identical with the statute of this State. One-third of said sum has been paid to the widow of deceased, and the remaining two-thirds to his only child, a daughter.

Plaintiff offered evidence tending to show that the deceased, James Hines, at the date of his death, at Greensboro, N. C., was a citizen of North Carolina, and a resident of Durham County in said State; that Louvenia Hines, who executed the release set up in defendant's answer, was a citizen of South Carolina; that she and her husband, James Hines, were living separate and apart from each other at the date of his death, and had so lived for about seven years; that during this time she had given birth to children of whom her husband, James Hines, was not

the father; and that plaintiff, Marion Hines, a resident of Durham County, was a brother of the deceased. This evidence was offered by plaintiff in support of his attack upon the validity of the release executed by Louvenia Hines, as administratrix of James Hines, and relied upon by defendant as a bar to plaintiff's recovery of damages in this action. Whether or not the release is valid, and has the effect of discharging defendant from liability to plaintiff for damages, involves the primary question as to whether or not the appointment of Louvenia Hines as administratrix of James Hines, by the Probate Court of Florence County, South Carolina, is subject to collateral attack in this action.

It must be held that upon the facts appearing on the face of the record in the Probate Court of Florence County, South Carolina, the said court had jurisdiction to appoint an administrator of James Hines, deceased, and to issue letters of administration on his estate. The primary jurisdictional fact, to wit, the death of James Hines, is admitted. The remaining jurisdictional facts were found by the court, to wit, that deceased was domiciled at the date of his death within the territorial jurisdiction of the court, and that there were assets, requiring an administration of his estate, within said jurisdiction. The jurisdictional facts were found by the court, as appears upon the face of the record. Upon these facts the court decided that it had jurisdiction, and in the exercise of such jurisdiction it made the order, appointing an administrator, and directing that letters of administration issue to its appointee. This order is not subject to collateral attack; it is a valid order, and must stand, until it is attacked and set aside in a direct proceeding for that purpose.

The principle upon which this decision is made is stated and applied in *Holmes v. Wharton*, 194 N. C., 470, 140 S. E., 93; *Tyer v. Lumber Co.*, 188 N. C., 274, 124 S. E., 306; *Batchelor v. Overton*, 158 N. C., 396, 74 S. E., 20; *Fann v. R. R.*, 155 N. C., 136, 71 S. E., 81. The principle is well settled not only by decisions of this Court, but also by decisions of courts of other jurisdictions. 23 C. J., 1086. It is generally held that a grant of letters of administration which is not void, although it may be voidable, is not open to collateral attack; such attack can be sustained only upon the ground that upon the face of the record, the court granting the letters, and making the appointment, was without jurisdiction. The only exception to this rule is that it may be shown, collaterally, that the person for whom an administrator has been appointed, is not, in fact dead, but is still living.

The decisions of this Court in the above-cited cases were with respect to orders made in the exercise of their statutory jurisdiction by clerks of the Superior Court of this State. The order in the instant case, which

plaintiff seeks to attack collaterally, was made by the Probate Court of Florence County, South Carolina. This attack is made in an action pending in the Superior Court of this State. This fact, however, does not affect the application of the principle, for under the provisions of section 1 of Article IV of the Constitution of the United States, "full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State."

The principle that a collateral attack cannot be sustained upon an order appointing an administrator for a deceased person, applies not only where the appointment attacked was made by a court of this State, of competent jurisdiction, but also where the appointment was made by such court of another State. To hold otherwise would be a violation of a provision of the Constitution of the United States, which is controlling upon the courts of this State.

The order appointing plaintiff as administrator of James Hines, deceased, was made by the clerk of the Superior Court of Durham County, North Carolina, on 17 August, 1926; the order by the Probate Court of Florence County, South Carolina, appointing Louvenia Hines as administratrix of the said James Hines, was made on 20 August, 1926. However, the application for the latter order was made on 31 July, 1926. The Probate Court of Florence County acquired jurisdiction in the matter of the administration of the estate of James Hines, at the date of the application; hence, it cannot be held, as contended by plaintiff, that his appointment by the clerk of the Superior Court of Durham County was prior to the appointment of Louvenia Hines, by the Probate Court of Florence County for the purposes of determining the jurisdiction of the latter court.

After a careful consideration of the interesting questions presented by this appeal, we are of the opinion that there was no error upon the trial of this action in the Superior Court. Plaintiff did not allege that there was fraud or collusion in procuring the appointment of Louvenia Hines by the Probate Court of Florence County, South Carolina, as administratrix of James Hines; nor is there any allegation that the settlement made by her with defendant of the claims of his estate on account of his death against defendant, was unfair or unjust to the beneficiaries. The administratrix who made the settlement and who executed the release, is the widow of deceased, and as such has received her share of the amount paid by defendant; the only other person pecuniarily interested in the amount of damages for which defendant was liable, is the infant daughter of deceased, who is also the daughter of Louvenia Hines. Whether or not the settlement is binding upon her, is not presented in this action. The judgment must be affirmed. We find

No error.