In re Administration of RUTH M. FRANKS
and
In re Administration of PAUL E. FRANKS.

(Filed 15 October, 1941.)

**1. Executors and Administrators § 2b—Evidence held to sustain finding that nonresidents died intestate in North Carolina leaving bona notabilia here.**

Husband and wife, nonresidents, were involved in a collision resulting in the death of both of them intestate in Henderson County in this State. Evidence tending to show that the wife owned the automobile in which they were riding, that the car was worth two or three hundred dollars immediately after the collision, and that after her death the car was wrongfully removed from the State by an insurance adjuster, giving rise to an action for such unlawful removal, and that at the time of the husband's death he left personalty to the value of $75.00 in Henderson County, the greater portion of which was unlawfully removed from North Carolina, thereby giving rise to a cause of action against the person or persons guilty of such removal, *is held* sufficient to sustain the findings of fact that the nonresidents died intestate leaving *bona notabilia* in this State, whether the term *bona notabilia* is construed as property worth $25.00 or as notable goods of sufficient value to be accounted for, and the clerk of the Superior Court had jurisdiction to appoint administrators for the respective estates, C. S., 1 (4), and the appointment of the person suggested by a creditor of the estates will not be disturbed, certainly in the absence of any suggestion that another had a prior right to such letters or that the person appointed was not a proper person to act as administrator.

**2. Same—**

C. S., 65 (a), merely provides that a debtor owing the sum of $300 or less to an estate for which no administrator has been appointed may relieve himself of such debt by paying the amount thereof to the clerk of the Superior Court and the statute does not have the effect of fixing the sum of $300.00 as *bona notabilia* in determining jurisdiction of the clerk to appoint an administrator for a person not domiciled in this State who dies leaving assets herein.

APPEAL by petitioner, the Liberty National Bank & Trust Company of Louisville, Kentucky, from *Phillips, J.,* at Chambers in Brevard, 24 July, 1941. From HENDERSON.

Ruth M. Franks and her husband, Paul E. Franks, on 9 May, 1941, were riding in the automobile of the former, driven by the latter, in Henderson County. The automobile collided with another automobile driven by Mrs. J. C. Cochran, as a result of which collision Mrs. Franks received injuries from which she died in a hospital in Henderson County on 12 May, 1941, and Mr. Franks received injuries from which he died in the same hospital on 10 May, 1941. On 13 May, 1941, the Jefferson

County Court of Jefferson County, Kentucky, of which county Mr. and Mrs. Franks were residents, appointed the Liberty National Bank & Trust Company of Louisville, Kentucky, administrator of their respective estates, and also appointed said Bank & Trust Company guardian of Mary Alice Franks, infant, only child and next of kin of said decedents. On 30 May, 1941, the clerk of the Superior Court of Henderson County appointed C. D. Weeks administrator of the respective estates of said decedents.

On 25 June, 1941, the Liberty National Bank & Trust Company filed petition before the clerk of the Superior Court of. Henderson County wherein it alleged that it is the duly appointed and qualified administrator of the respective estates of the late Mr. and Mrs. Franks and that the appointment of C. D. Weeks as such administrator in North Carolina was unwarranted and unnecessary, since there were no assets of such estates in North Carolina amounting to *bona notabilia,* and asking that said appointment of C. D. Weeks as administrator be vacated.

On 14 July, 1941, C. D. Weeks filed reply to the petition of the Liberty National Bank & Trust Company wherein he alleged that he applied for letters of administration on the two estates at the suggestion of J. C. Cochran, who stated that he was a creditor of said estates by reason of claims there against arising out of the wrongful deaths of his wife and daughter, personal injury to another daughter, and damage to personal property and expenses all proximately caused by the negligence of said decedents resulting in the collision between his automobile driven by his late wife and the automobile of the late Mrs. Franks driven by her husband, in Henderson County, on 9 May, 1941. Further, that he was advised and believed that both Mr. and Mrs. Franks had property in Henderson County at the time of their deaths. That the property of Mrs. Franks consisted of the automobile in which she and her husband were riding at the time of the fatal collision, "reasonably worth several hundred dollars immediately after the collision"; that this automobile, with the exception of certain parts thereof, was unlawfully taken to Spartanburg, South Carolina, by one C. V. DeVault, a liability insurance agent, and that the estate of Mrs. Franks has a valid claim against said DeVault for such unlawful removal of such automobile from North Carolina; and that the portions of said automobile remaining in North Carolina were reasonably worth more than $25.00; that the property of Mr. Franks consisted of "money, travelers checks, a gold watch, hand bags, suitcases, wearing apparel and other personal effects of the value of several hundred dollars," as he was informed and believed.

C. D. Weeks, administrator, also alleged that he was advised and believed that estates of his respective intestates had valid claims for wrongful deaths of said intestates, but these claims or allegations were subsequently abandoned.

In re Administration of Franks.

On 14 July, 1941, J. C. Cochran, as administrator of his deceased wife and as administrator of his deceased daughter and as next friend of another daughter and individually, was, by order of the clerk of the Superior Court of Henderson County, made a party to this cause.

On 18 July, 1941, the cause came on for hearing before the clerk of the Superior Court of Henderson County, who found, *inter alia,* that at the time of the death of Ruth M. Franks and Paul E. Franks, both of them had and left assets in Henderson County, North Carolina. Whereupon the clerk entered judgment denying the petition of the Liberty National Bank & Trust Company from which said petitioner appealed to the judge holding the courts of the 18th Judicial District.

On 24 July, 1941, the cause came on for hearing before Phillips, J., holding the courts of the 18th Judicial District, at Chambers in Brevard. His Honor found as facts, *inter alia,* "2. That at the time of the death of the said Paul E. Franks and Ruth M. Franks, both of them had and left assets in Henderson County, North Carolina; that the assets of the said Ruth M. Franks consisted of an automobile, the value of $200.00 or $300.00 immediately after the collision; that shortly after the collision and after the death of Ruth M. Franks the said automobile, less certain parts of same, was unlawfully removed from the State of North Carolina to the State of South Carolina under the orders and instructions from one C. V. DeVault, a well known liability insurance agent of Asheville, North Carolina, and that said automobile is now at or near the city of Spartanburg, South Carolina, in the possession of one Tinsley and held subject to the orders of the said DeVault; that a valid cause of action exists in favor of the said C. D. Weeks as administrator of Ruth M. Franks against the said C. V. DeVault for damages on account of the unlawful removal of said automobile from North Carolina. Also that there are now other parts of the said automobile belonging to the estate of Ruth M. Franks and in Henderson County, North Carolina, and held subject to the order of the said C. D. Weeks, Administrator of Ruth M. Franks and of a market value in excess of $25.00," and "3. The Court further finds as a fact that at the time of the death of Paul E. Franks he had and left assets in Henderson County, North Carolina, of the reasonable market value of several hundred dollars, said assets consisting of a watch, currency, two hand bags, a considerable amount of wearing apparel and other assets, and the court further finds as a fact that the greater part of the assets belonging to the estate of Paul E. Franks were unlawfully removed from the State of North Carolina, and that there is a valid cause of action in favor of the said C. D. Weeks as Administrator of Paul E. Franks against the person or persons, removing said assets from the State and for damages on account thereof. The court further finds as a fact that C. D. Weeks, Administrator, does

have in his possession one article of personal property belonging to the estate of Paul E. Franks, and of substantial value," and adjudged "Upon the foregoing finding of facts the court is of the opinion, and so holds as a matter of law that the clerk of the Superior Court for Henderson County, under sec. 1, sub-section 4, of the North Carolina Code, was authorized, and had jurisdiction to appoint an administrator upon the estates of both Paul E. Franks and Ruth M. Franks, and the judgment of the clerk of Superior Court for Henderson County rendered July 18, 1941, is in all respects affirmed."

From this judgment the petitioner, the Liberty National Bank & Trust Company, appealed to the Supreme Court, assigning errors.

*Harkins, Van Winkle & Walton for the Liberty National Bank & Trust Company, appellant.*

*R. L. Whitmire for J. C. Cochran, individually and in his several capacities, appellee.*

SCHENCK, J.   Although there are 22 assignments of error in the record, the assignments relied upon by the appellant are not set out by number and page of the record in its brief as required by Rule 28 of practice in this Court.   However, we gather from the brief and the argument made before us that the chief reliance of the appellant is based upon the exceptions to the findings of the fact that the decedents had sufficient personal property in Henderson County, North Carolina, to constitute *bona notabilia,* and thereby justified the appointment of an administrator in such county.

The evidence tended to show that the late Mrs. Franks owned the automobile involved in the fatal collision and that it was worth from $200.00 to $300.00 immediately after such collision and that it was unlawfully removed after her death from Henderson County, North Carolina, to Spartanburg, South Carolina, by one DeVault, a liability insurance agent, thereby giving rise to a cause of action against said DeVault for such unlawful removal; and that C. D. Weeks had in his possession certain portions of said automobile which were not removed from the State, worth $25.00.   The evidence further tended to show that the late Mr. Franks at the time of his death had and left in Henderson County a watch of the value $25.00, and cash and travelers checks to the amount of $50.00; and that the greater portion of such property was unlawfully removed from North Carolina, thereby giving rise to a cause of action against the person or persons guilty of such removal.

This evidence was sufficient to support the findings of fact of the court, and such facts are sufficient to support the conclusions of law contained in the judgment of the court.

Since 1603, in the reign of James I, *bona notabilia* in England seems to have been fixed at a minimum of five pounds. 2 Bl. Comm., 509. If such an amount be *bona notabilia* in North Carolina, there can be no doubt that there was sufficient evidence to justify the findings to that effect as to the estates of both decedents; or, if *bona notabilia* be construed to mean what the words literally signify, "notable goods; property worthy of notice, or of sufficient value to be accounted for," Black's Law Dictionary (2d Ed.), the findings are likewise sustained by the evidence.

We do not concur in the argument advanced by the appellant that C. S., 65 (a), fixes in this State the amount of *bona notabilia* at $300.00. This statute simply provides a method by which a debtor in the sum of $300.00 or less to an estate for which no administrator has been appointed *may* relieve himself of such debt by paying the amount thereof to the clerk of the Superior Court. This statute simply provides the debtor a permissive right and is in no wise mandatory upon him, such right as is given is alternative and not exclusive—and besides, this statute has no application to the case at bar for the reason that it is not applicable to Henderson County, wherein the letters of administration were issued to C. D. Weeks.

We are of the opinion, and so hold, that the decedents, Ruth M. Franks and Paul E. Franks, not being domiciled in this State, but having died intestate in Henderson County, North Carolina, leaving assets in the State, the clerk of the Superior Court of Henderson County had jurisdiction in said county to grant letters of administration to C. D. Weeks. C. S., 1 (4). Certainly this is true in the absence of any suggestion that anyone had a prior right to such letters or of C. D. Weeks not being a proper person to act as such administrator.

The judgment of the judge of the Superior Court is sustained by the evidence and the law, and for this reason is

Affirmed.