VAMPLE *v.* McNEILL.

PER CURIAM. It will serve no useful purpose to narrate the accusations and recriminations between plaintiff and defendant concerning their past misconduct. Decision as to custody, in the light of all circumstances, was rightly made to turn upon what is now for the best interests of the children. *Griffith v. Griffith,* 240 N.C. 271, 81 S.E. 2d 918. The weight to be given the conflicting evidence was for determination by the court below. *Griffin v. Griffin,* 237 N.C. 404, 75 S.E. 2d 133. Competent evidence supports the findings of fact, the findings of fact support the judgment, and no prejudicial error is shown. Hence, the judgment will be

Affirmed.

---

VERNEL VAMPLE v. SALLIE McNEILL AND SUSIE BROWN.

(Filed 15 December, 1954.)

**Executors and Administrators § 2a—**

> The Superior Court of a county which first issues letters of administration acquires jurisdiction, and letters to administer the estate may not thereafter be entered in another county even though petition of a creditor to administer the estate was pending therein at the time of the issuance of the letters.

PETITIONER'S appeal from *Sharp, Special Judge,* 12 July, 1954, Civil Term, GUILFORD—Greensboro Division.

Peter Woodard died intestate in Guilford County on 26 February, 1954. His next of kin are Susie Brown, sister, who resides in Scotland County, and Sallie McNeill, a half-sister who resides in Moore County. Prior to November, 1953, Peter Woodard, then 65 or 70 years old, lived in Scotland County, North Carolina, where he owned a farm, farm machinery, livestock, etc. In November he rented his farm and equipment, left Scotland County and went to the County of Guilford to the home of the petitioner, Vernel Vample, who is his illegitimate son. He remained at the home of Vernel Vample until the date of his death.

On 1 April, 1954, Vernel Vample filed with the Clerk Superior Court of Guilford County a petition alleging that Woodard died in Guilford County, leaving respondents, his sisters, who were entitled to administer on his estate; but that more than 30 days had elapsed since his death and neither of the respondents had administered. Citations were issued requiring them to appear before the Clerk Superior Court of Guilford County within 20 days and show cause why they should not be deemed to have renounced their right to administer on the estate. The petitioner alleged that he was a creditor of the estate and was filing the petition as

such. The petition did not allege that Woodard at the time of his death was domiciled in Guilford County. Neither of the respondents appeared before the Clerk of Guilford County, although the attorney for Susie Brown wrote a letter enclosing a brief on behalf of the respondents and calling the clerk's attention to the failure of the petition to allege that at the time of his death Woodard was domiciled in Guilford County; and contending that he was domiciled in Scotland County; that Susie Brown had never renounced her right to qualify as administratrix. It was alleged that she in fact had qualified as such in Scotland County on 14 April, 1954.

On 24 June, 1954, pursuant to notice, the Clerk Superior Court of Guilford County held a hearing, took testimony, at which hearing the respondents did not appear.

On 7 July, 1954, the Clerk of Guilford Superior Court entered his order to the effect that Susie Brown and Sallie McNeill were deemed to have renounced their right to administer on the estate of Peter Woodard and that letters of administration would be issued to some suitable person.

The respondents appealed from the clerk's order to the Judge in Term, and on 23 July, 1954, the hearing was held before Sharp, S. J. Findings of fact were made by Judge Sharp. Judgment was entered setting aside the clerk's order upon the ground that the Superior Court of Scotland County, having issued letters of administration to Susie Brown on 24 April, 1954, had acquired jurisdiction. The petitioner appealed.

*Harry R. Stanley* for petitioner, appellant.

PER CURIAM. On the authority of *Tyer, Administratrix, v. Lumber Co.,* 188 N.C. 274, 124 S.E. 306, the judgment of the court below is Affirmed.

---

## STATE v. OTIS ANGUS SILER.

(Filed 15 December, 1954.)

APPEAL by defendant from *Armstrong, J.,* and a jury, at May Term, 1954, of MOORE.

Criminal prosecution tried on appeal from County Recorder's Court upon a warrant charging the defendant with driving a motor vehicle on a public road while under the influence of intoxicating liquor in violation of G.S. 20-138.