HEZZIE KING, ADMINISTRATOR OF THE ESTATE OF VESTER STAFFORD, JR., v. KEITH SNYDER, ADMINISTRATOR OF THE ESTATE OF WILLIAM DAVID HUMPHREYS.

(Filed 20 January, 1967.)

1. **Appeal and Error § 21—**

    A general exception to an order does not present for review the admissibility or the sufficiency of the evidence to support the findings upon which the order is based.

2. **Appeal and Error § 22—**

    An assignment of error that the court erred in its findings of fact is a broadside assignment and ineffectual to challenge the competency or sufficiency of the evidence.

3. **Appeal and Error § 19—**

    An assignment of error not supported by an exception duly taken and preserved will not be considered.

**4. Executors and Administrators § 2—**

The clerk of the Superior Court of the county in which a nonresident dies leaving assets in this State has authority to appoint an administrator for the decedent. G.S. 28-1(4).

**5. Executors and Administrators § 5; Death § 3—**

An administrator appointed in this State who undertakes to defend an action for wrongful death by moving to set aside a default judgment and filing answer is thereafter estopped to deny the validity of his own appointment, and the court correctly denies his motion to dismiss the action for lack of jurisdiction of his person or the estate. The validity of his appointment is not before the court and it is error for the court to find facts in regard thereto.

**6. Executors and Administrators § 5—**

The validity of the appointment of an administrator may not be collaterally attacked in an action against such administrator, but may be directly attacked by any person in interest, including an administratrix of the decedent appointed in another state, by motion before the clerk of the Superior Court who made the appointment to vacate and set aside the letters of administration theretofore issued by such clerk.

APPEAL by defendant from *McLean, J.,* November 1965 Session of CALDWELL.

In this wrongful death action, summons was issued and complaint was filed on August 16, 1965, and both were served on Keith S. Snyder on August 17, 1965.

Plaintiff alleged his appointment on September 18, 1963, as administrator of Vester Stafford, Jr.; that Keith Snyder was the duly qualified and acting administrator of William David Humphreys; that on September 5, 1963, a Ford car owned and operated by Humphreys, in which Stafford was a guest passenger, was involved in an automobile collision; that Stafford and Humphreys were killed instantly as the result of said collision; that said collision and the death of Stafford were proximately caused by the negligence of Humphreys in specified respects; and that, on account of Stafford's wrongful death, plaintiff is entitled to recover damages in the amount of $10,000.00.

On October 7, 1965, the clerk, allowing plaintiff's motion therefor, entered judgment by default and inquiry.

An answer, verified by Keith S. Snyder, as administrator of the estate of Humphreys, was filed October 7, 1965. Defendant admitted plaintiff's status as administrator of Stafford; admitted he (defendant) had been appointed in Caldwell County, North Carolina, as administrator of the estate of Humphreys; alleged, upon information and belief, that Humphreys was a citizen and resident of the State of Tennessee; and denied all allegations in respect of the alleged actionable negligence of Humphreys.

By order of October 25, 1965, Judge McLean, on motion of defendant, set aside said judgment by default and inquiry. The order finds as facts that defendant's counsel were duly employed to represent him and defend this action; that his counsel, on September 16, 1965, had obtained an extension of time whereby defendant was allowed through October 6, 1965, to file answer; and that his failure to file answer before October 7, 1965, "was due to the mistake, inadvertence and excusable neglect" of his counsel, which constituted excusable neglect. It was ordered that the answer defendant had filed be allowed "as part of the pleadings in this cause and that said case be tried on its merits at such time as same may be reached for trial." Defendant did not except to this order.

On November 1, 1965, defendant, through counsel, filed a motion to dismiss the action "for that the court has not properly acquired jurisdiction over the administrator of the estate of William David Humphreys, deceased; that the court has not properly acquired jurisdiction over the administratrix of the estate of William David Humphreys, and has not acquired jurisdiction over the estate of William David Humphreys."

Hearings on the said motion to dismiss were conducted by Judge McLean in November 1965 and in January 1966. Evidence was offered by plaintiff and by defendant. On January 11, 1966, Judge Mc-Lean entered an order which contained, *inter alia*, the findings of fact summarized as follows: Humphreys died intestate in Caldwell County, North Carolina, on September 5, 1963. He was the owner of the Ford car involved in the fatal accident. The car was registered in his name with the Department of Motor Vehicles of North Carolina, which had issued to him a North Carolina license plate for 1963. At the time of his death: Humphreys resided at 101 Resica Avenue, Lenoir, Caldwell County, North Carolina; he had furnished this address to said Department of Motor Vehicles as his "home address"; he was a citizen and resident of Caldwell County, North Carolina, domiciled therein, and was not a citizen and resident and domiciliary of Tennessee; he was separated from his wife, Carolyn Humphreys, who resided in Tennessee. On application of the plaintiff herein, Keith Snyder was duly appointed (July 13, 1965) as administrator of Humphreys, and since his appointment "has been acting as such administrator." Humphreys owned no assets whatsoever in Tennessee upon which any person could administer.

The order states, as conclusions of law, (1) that Humphreys was a resident of and domiciled in Caldwell County, North Carolina, on September 5, 1963; (2) that Keith Snyder was duly appointed and is now acting as administrator of Humphreys, "and the same is true in the answer of the defendant"; and that "the parties hereto are

properly before the court and the court has jurisdiction of the parties hereto."

The order concludes: "Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the defendant's motion to dismiss this action be and the same is hereby denied."

Defendant excepted (generally) to said order and gave notice of appeal therefrom.

*Seila, Wilson & Palmer for plaintiff appellee.*
*Townsend & Todd for defendant appellant.*

BOBBITT, J. Defendant's general exception to Judge McLean's order does not present for review the admissibility of the evidence on which the findings of fact are based or the sufficiency of the evidence to support the findings. 1 Strong, N. C. Index (and Supplement), Appeal and Error § 22. Assignment of error No. 14 asserts "the Court erred in finding the facts and signing the Order denying defendant's Motion to Dismiss." The broadside assignment is ineffectual as a challenge to the findings of fact or as to the competency or sufficiency of the evidence pertinent thereto. Moreover, "(a)ssignments of error unsupported by an exception duly taken and preserved will not be considered on appeal." *Hicks v. Russell,* 256 N.C. 34, 39, 123 S.E. 2d 214, 218, and cases cited. Hence, we pass, without discussion, assignments of error Nos. 2-12, relating to rulings on evidence.

The remaining assignments of error assert the court erred "in overruling defendant's Motion to Dismiss at the close of the presentation of the record evidence" (Assignment No. 1) and "in overruling defendant's Motion to Dismiss for lack of jurisdiction" (Assignment No. 13).

If the question were properly before Judge McLean for determination, his finding of fact that Humphreys, at the time of his death on September 5, 1963, was a resident of and domiciled in Caldwell County, North Carolina, would be conclusive as to the authority of the Clerk of the Superior Court of Caldwell County to appoint an administrator for the estate of Humphreys. G.S. 28-1(1). It is noteworthy that the Clerk of the Superior Court of Caldwell County would have authority to appoint an administrator of the estate of Humphreys if he were not domiciled in this State at the time of his death but died in Caldwell County leaving assets in this State. G.S. 28-1(4); *In re Administration of Franks,* 220 N.C. 176, 16 S.E. 2d 831.

Defendant did not testify. Evidence offered in his behalf tended to show Humphreys and his wife, Carolyn J. Humphreys, had not

separated; that Humphreys, a textile worker, although he was employed and actually resided in Caldwell County, North Carolina, visited his wife and children about every other week-end (and contributed to their support) in Monroe County, Tennessee, where they resided and where he had been born and reared. Suffice to say, evidence offered by defendant was sufficient to support, but not to compel, a finding that Humphreys, although temporarily residing in Caldwell County, North Carolina, was a domiciliary of Monroe County, Tennessee. Included in the evidence offered by defendant was a copy of letters of administration issued October 7, 1963, by the Clerk of the County Court of Monroe County, Tennessee, to Carolyn J. Humphreys as administratrix of Humphreys. For present purposes, we treat the copy as sufficiently authenticated.

Defendant contends the letters of administration issued October 7, 1963, in Tennessee to Carolyn J. Humphreys, are not subject to attack by plaintiff in this action. He cites and stresses the decisions of this Court in *Tyer v. Lumber Co.*, 188 N.C. 274, 124 S.E. 306, and *Hines v. Foundation Co.*, 196 N.C. 322, 145 S.E. 612. He bases his contention on the legal proposition stated in *Hines* as follows: "It is generally held that a grant of letters of administration which is not void, although it may be voidable, is not open to collateral attack; such attack can be sustained only upon the ground that upon the face of the record, the court granting the letters, and making the appointment, was without jurisdiction."

In *Hines*, Connor, J., cites *Tyer*, discussed below, and also *Holmes v. Wharton*, 194 N.C. 470, 140 S.E. 93; *Batchelor v. Overton*, 158 N.C. 395, 74 S.E. 20; *Fann v. R. R.*, 155 N.C. 136, 71 S.E. 81. In *Holmes* and *Fann*, both wrongful death actions, and in *Batchelor*, a claim and delivery action, it was held that the defendant could not in such action attack (collaterally) the validity of the plaintiff's letters of administration. Accord: *Wharton v. Ins. Co.*, 178 N.C. 135, 100 S.E. 266.

The *Tyer* case cited by defendant (188 N.C. 274) will be referred to as the *Craven County* case. Another *Tyer* case, not cited by defendant, *Tyer v. Lumber Co.*, 188 N.C. 268, 124 S.E. 305, will be referred to as the *Beaufort County* case. Irving Tyer was killed while working for defendant. An administrator was appointed in Beaufort. Subsequently, an administratrix was appointed in Craven. The Beaufort administrator instituted an action in Beaufort, and the Craven administratrix instituted an action in Craven, each seeking to recover damages from defendant on account of the alleged wrongful death of Irving Tyer. In each county, the defendant, by motion addressed to the clerk of the superior court, moved that the

letters of administration he had issued be revoked. In the *Beaufort County* case, the clerk, based on findings of fact, held the Beaufort County administration was valid and denied the defendant's motion; and the judgment of the superior court, which affirmed the clerk's order, was affirmed by this Court. In the *Craven County* case, this Court reversed the judgment of the superior court and held the purported appointment in Craven was invalid, citing the statute now codified as G.S. 28-2 and providing: "The clerk who first gains and exercises jurisdiction under this chapter thereby acquires sole and exclusive jurisdiction over the decedent's estate." The procedure in each of the Tyer cases was by direct attack in the probate court where the appointment was made. In this connection, see *Reynolds v. Cotton Mills,* 177 N.C. 412, 99 S.E. 240.

In *Hines,* James Hines sustained a fatal injury in Guilford County. An administrator appointed by the Clerk of the Superior Court of Durham County instituted this action for wrongful death. There was a jury trial in which it was found that the widow of decedent had qualified as administratrix in South Carolina and as administratrix had settled the claim for wrongful death and had executed and delivered a release. Recovery was denied on the ground the action was barred by said release. The plaintiff was not permitted to attack in that action the validity of the South Carolina administration. Thus, in *Hines,* an administrator appointed in this State was not permitted to attack collaterally, that is, in the wrongful death action in this State, the appointment in South Carolina of an administratrix with whom defendant had effected a settlement of the wrongful death claim.

The factual situation in each of the cited cases is quite different from that in the present case. Here defendant moved successfully to vacate and set aside a judgment by default and inquiry. He filed answer in which he alleged he was appointed in Caldwell County as administrator of the estate of Humphreys. Then, after the cause was at issue and awaiting trial, he moved to dismiss on the ground his own appointment is invalid. There is a procedure by which an administrator may resign. G.S. 36-9 *et seq.* A person appointed administrator and acting in that capacity in defending a wrongful death action is estopped from asserting therein the invalidity of his own asserted status as such administrator. Whatever the rights of others, we are of opinion, and so decide, that the defendant, whose sole relationship to this action derives from his appointment as administrator by the Clerk of the Superior Court of Caldwell County, cannot attack herein the validity of his own appointment.

No issue or question relating to the Tennessee letters of admin-

istration is raised by the pleadings. Neither plaintiff nor. defendant is attacking letters of administration issued in Tennessee. As stated, the sole attack is by defendant administrator upon the validity of his own letters of administration. It is noted. that nothing appears in the record to indicate that the Tennessee administratrix has made any settlement of the claim for Stafford's alleged wrongful death or that any demand has been made upon the Tennessee administratrix in connection therewith.

Unquestionably, Carolyn J. Humphreys, as widow or as administratrix under appointment in Tennessee, or any other party in interest, has the right to attack directly defendant's status as administrator before the Clerk of the Superior Court of Caldwell County by motion that the clerk vacate and set aside the letters of administration issued to defendant as void for want of jurisdiction. This procedure was approved in *In re Bane*, 247 N.C. 562, 101 S.E. 2d 369, where a Florida administratrix moved before the Clerk of the Superior Court of Durham County that letters of administration issued by said clerk in Durham County be vacated and set aside on the ground that the residence and domicile of decedent at the time of his death was not in Durham County, North Carolina, but in Orange County, Florida.

Defendant's motion to dismiss should have been denied on the ground he is estopped to challenge the validity of his own appointment. Since the question was not properly before him, it was error for Judge McLean to hear evidence and make findings of fact pertinent to the validity of defendant's appointment as administrator in Caldwell County. Hence, the findings of fact and conclusions of law stated in Judge McLean's order will be stricken therefrom. It is so ordered. However, Judge McLean's order, to the extent it simply denies defendant's motion to dismiss for lack of jurisdiction, is affirmed.

Modified and affirmed.