JANINE M. JOHNSON v. DAVID A. JOHNSON

No. 7210DC516

(Filed 21 February 1973)

1. **Divorce and Alimony § 23— absolute divorce decree — effect on child support order**

An order finding the amount of and adjudging defendant liable

Johnson v. Johnson

for arrearage in payments for child support is afffirmed on appeal since no error is made to appear in the order and since defendant's obligation to support his minor child is unaffected by a decree of absolute divorce entered prior to the child support order.

**2. Divorce and Alimony § 20— award of alimony pendente lite — effect of subsequent decree of absolute divorce**

Where a judgment awarding the wife alimony *pendente lite* to be continued until the award of permanent alimony was rendered before rendering of judgment for absolute divorce, the rights provided for the wife by the prior judgment could not be impaired or destroyed by the subsequently rendered decree of absolute divorce, and defendant remained liable to continue to make the payments under the alimony *pendente lite* order. Former G.S. 50-11.

**3. Divorce and Alimony § 20— continuance of alimony pendente lite after hearing on merits**

Even if the trial court erred in continuing an alimony *pendente lite* order after a hearing on the merits was completed, defendant could not complain since he took no appeal from the judgment continuing the order and since defendant himself continued to recognize as binding the *pendente lite* order.

**4. Divorce and Alimony § 20— award of permanent alimony — effect of subsequent decree of absolute divorce**

Where the right of the wife to be awarded permanent alimony and her right to have the amount thereof determined by the court were expressly adjudicated by a 4 December 1970 judgment, a subsequent decree of absolute divorce rendered on 13 April 1971, by express mandate of G.S. 50-11, could not impair or destroy those rights and an order of 21 February 1972 fixing the amount of permanent alimony was within the power of the court to make.

**5. Appeal and Error § 28— general exception to findings of fact — ineffectiveness**

Defendant's general exception that the order fixing the amount of permanent alimony and awarding attorney fees was based upon findings not supported by the evidence was broadside and ineffectual.

**6. Divorce and Alimony § 21— deed of trust to secure alimony payments — construction**

Where a deed of trust executed by defendant provided for its foreclosure should defendant fail to abide by orders of the court entered either before or after its execution, defendant could not complain of partial foreclosure directed upon his failure to comply with an order entered after execution of the instrument.

APPEAL by defendant from *Winborne, District Judge,* 21 December 1971 and 10 February 1972 Civil Sessions of District Court held in WAKE County.

Plaintiff-wife commenced this action against defendant-husband on 19 March 1964 in Superior Court in Wake County under former G.S. 50-16. She alleged abandonment and other grounds and asked for alimony, *pendente lite* and permanent, and for child custody and support. On 27 March 1964 Judge Edward B. Clark signed an order directing defendant to pay plaintiff $450.00 a month as alimony *pendente lite*, $150.00 a month for support of the infant child of the parties, and granted plaintiff exclusive use, for herself and the child, of the residence of the parties at 2325 Byrd Street in the City of Raleigh pending determination of the issues. Thereafter, by orders entered in this action and dated 22 March 1967 and 25 January 1968, Judge J. William Copeland modified the alimony *pendente lite* and child support provisions in certain respects, and in the second of these orders directed defendant to execute and deliver a deed of trust conveying certain of his real estate "for the purpose of securing to the plaintiff compliance with this Court's orders with respect to alimony pendente lite; maintenance and repair, costs on the house and lot at 2325 Byrd Street; medical and drug expenses; all of which the defendant is obligated to pay to or on behalf of the plaintiff under previous orders of this Court." This order further provided that "said deed of trust shall provide for foreclosure in accordance with North Carolina law if the defendant fails to comply with this or any previous order of this Court in respect to such payments."

Defendant failed to execute the deed of trust as directed in Judge Copeland's order of 25 January 1968, and a show cause order was issued on 25 April 1969 pursuant to which the matter came on for hearing before District Judge N. F. Ransdell. After this hearing, Judge Ransdell entered an order dated 2 March 1970 finding defendant in willful contempt from which he might purge himself by executing the deed of trust and otherwise complying with the orders of the court in certain specified respects. The defendant, as Grantor did sign and acknowledge a deed of trust, dated 26 February 1970 and recorded 2 March 1970, conveying the lands he had been ordered to convey to a trustee for the benefit of plaintiff and the minor child of the parties. This deed of trust referred to plaintiff's action instituted in March 1964, recited that it was executed pursuant to Judge Copeland's order entered in said action dated 25 January 1968, "which said order directed Grantor to execute this deed of trust, to secure Grantor's compliance with the orders of the Courts in said action." This deed

of trust provided that "[i]f the Grantor shall fail or neglect to abide by the orders of the Courts heretofore entered, or that are hereafter entered, in aforesaid action, or the covenants and conditions of this deed of trust," then, upon a judicial finding to such effect by a court having jurisdiction of said action, after a hearing held on notice to the Grantor, the trustee was authorized to foreclose.

On 5 January 1970 the husband brought a separate action seeking an absolute divorce on the grounds of separation of the parties, and this divorce action was consolidated for trial with the wife's action for alimony brought under G.S. 50-16. The consolidated cases were tried before District Judge Winborne and a jury at the 30 November 1970 Civil Jury Session of District Court held in Wake County. The jury answered all issues in favor of the wife, finding that the husband had abandoned her, had offered such indignities to her person as to render her condition burdensome and intolerable as alleged in her complaint, and that by cruel and barbarous treatment he had endangered her life. On this verdict Judge Winborne signed a judgment, dated 4 December 1970 but filed 26 February 1971, adjudging as follows:

> "that plaintiff be awarded permanent alimony, said amount of permanent alimony to be determined by this Court out of session; that the alimony pendente lite order in this cause be continued until permanent alimony is determined by the Court. . . . "

No appeal was taken from this judgment.

By motion dated 28 December 1970, verified by defendant-husband on 4 January 1971 and filed on 6 January 1971, defendant moved, upon the grounds of a change in his circumstances, that the court "consider and order a reduction in the granting of child support and alimony pendente lite previously granted herein."

On 4 January 1971 defendant-husband filed a second action for an absolute divorce, basing this action upon the grounds that the parties had lived separate and apart since 27 March 1964, the date of Judge Clark's order entered in the wife's G.S. 50-16 action. On 13 April 1971 judgment was entered in this divorce action granting the husband an absolute divorce. The wife appealed, and by opinion filed 20 October 1971 this

Court affirmed. *Johnson v. Johnson*, 12 N.C. App. 505, 183 S.E. 2d 805.

(On 13 April 1971, on the same day but approximately two and one-half hours after the decree for absolute divorce was entered in the district court in the husband's second action for divorce, plaintiff filed a motion for hearing on the matter of alleged arrearage in alimony and support payments for the period up to 13 April 1971. The "Statement of Case" in the record on the present appeal indicates that this motion was heard and disposed of and that "the matters at issue therein were settled and are not pertinent to this appeal.")

On 8 October 1971 plaintiff filed a motion for an order requiring defendant to show cause why he should not be held in contempt for willful failure to pay support for the minor child and alimony for the period following 13 April 1971. A hearing was held before District Judge Winborne on 21 December 1971. By order dated 25 January 1972 and filed on 1 February 1972, the court found that defendant was in arrears in the sum of $1,785.00 in making payments for child support accruing for the period since 13 April 1971 through 31 December 1971, adjudged defendant indebted to his minor child in that amount, and reserved the issue of willfulness of defendant's failure to make such payments for ruling at a future session of the court. By separate order, also dated 25 January 1972 and filed on 1 February 1972, the court found that defendant was in arrears in the sum of $1,785.00 in making payments of alimony for plaintiff accruing for the period since 13 April 1971 through 31 December 1971, adjudged defendant indebted to plaintiff in that amount, and reserved the issue of willfulness of defendant's failure to make such payments for ruling at a future session of the court.

On 3 February 1972 plaintiff filed a motion reciting the findings made by the court in its orders dated 25 January 1972 as to the amounts of defendant's indebtedness for arrearages in payments of child support and alimony through 31 December 1971, and praying for an order directing the trustee in the deed of trust to sell a portion of the real property described therein and to apply the net proceeds of such sale to pay all amounts due under the orders of the court. On 9 February 1972 defendant filed an exception, dated 4 February 1972, to the order dated 25 January 1972 which had adjudged him indebted to plaintiff in the sum of $1,785.00 for arrearage in payments of alimony. On the same date, 9 February 1972, defendant filed answer op-

posing plaintiff's motion for an order directing foreclosure of the deed of trust on the grounds that "the alleged indebtedness for support and alimony are not based on a lawful judgment or order of the Court."

By order dated 21 February 1972 and filed on 22 February 1972 the court fixed the amount of permanent alimony to be paid monthly by defendant to the clerk of court for the benefit of plaintiff at the sum of $300.00 per month beginning with March 1972, ordered defendant to pay taxes and insurance on the residence in which plaintiff and the child resided, and directed that if defendant should sell said residence, of which he was the sole owner, the amount of permanent alimony to be paid by defendant should be $500.00 per month, instead of $300.00 per month. In this order the court also directed defendant to pay $1,700.00 counsel fees to plaintiff's attorney for services rendered to the plaintiff.

By order dated and filed on 22 February 1972 the court ordered the trustee in the deed of trust to proceed to foreclose on one of the parcels of land described therein and from the net proceeds to pay to the clerk of court the amounts by which defendant had been adjudged indebted by the orders dated 25 January 1972 for arrearages of alimony and child support for the period from 13 April 1971 through 31 December 1971, and to retain any balance of such proceeds pending further orders of the court.

Defendant appealed, assigning errors (1) the signing and entry of the orders dated 25 January 1972 adjudging him indebted for arrearages in payment of alimony and child support; (2) the signing and entry of the order dated 21 February 1972 fixing the amount of permanent alimony to be paid by defendant to plaintiff; and (3) the signing and entry of the order dated 22 February 1972 directing partial foreclosure of the deed of trust.

*Smith, Patterson, Follin & Curtis by Michael K. Curtis for plaintiff appellee.*

*Boyce, Mitchell, Burns & Smith by Eugene Boyce for defendant appellant.*

PARKER, Judge.

[1]  By this appeal appellant seeks review of a series of orders entered by the trial judge on various dates following a single

hearing held on 21 December 1971. The first assignment of error is directed to two of those orders, both dated 25 January 1972. As to these, the record on appeal shows no appeal entries as required by G.S. 1-280 and the record was not docketed within ninety days after their date as required by Rule 5 of the Rules of Practice of this Court. Nevertheless, in order to pass upon the entire case, we elect to consider this appeal, insofar as review of the orders dated 25 January 1972 is concerned, as a petition for certiorari, allow the petition, and consider the merits of the questions raised by the first assignment of error. In this assignment appellant appears to be seeking review of both of the orders dated 25 January 1972, one of which related to arrearage in payments for child support and the other of which related to arrearage in payments of alimony. However, the arguments and authorities cited in appellant's brief are directed primarily to the legal effect of the decree for absolute divorce upon defendant's obligation to continue to pay alimony to his former wife. Since in this case the divorce decree had no effect whatever upon defendant's continuing obligation to support his minor child, and since no substantial argument has been advanced or authority cited to show error committed in the order of 25 January 1972 finding the amount of and adjudging defendant liable for arrearage in payments for child support, we affirm that order and limit our further consideration of the questions presented under the first assignment as they relate to the order adjudging defendant liable for arrearage in payments of alimony.

At the outset we note that the amendments made to Chapter 50 of the General Statutes by Chapter 1152 of the 1967 Session Laws are not applicable in this case, which was pending when the 1967 Act became effective. Section 9, Chapter 1152, 1967 Session Laws. Therefore, the further references herein to sections of G.S. Chapter 50 will be to those statutes as they existed prior to the 1967 Act. Prior to the 1967 Act G.S. 50-11 read, in pertinent part, as follows:

"§ 50-11. *Effects of absolute divorce.*—After a judgment of divorce from the bonds of matrimony, all rights arising out of the marriage shall cease and determine, and either party may marry again unless otherwise provided by law: Provided, that no judgment of divorce shall render illegitimate any children in esse, or begotten of the body of the wife during coverture; and, provided further, that [except in cases not here pertinent] a decree of absolute

Johnson v. Johnson

divorce shall not impair or destroy the right of the wife to receive alimony and other rights provided for her under any judgment or decree of a court rendered before the rendering of the judgment for absolute divorce."

[2]  In the present case, before the rendering of the judgment for absolute divorce on 13 April 1971, the court rendered the judgment, dated 4 December 1970. This judgment, which was based upon the jury's verdict answering issues in favor of the plaintiff, was not appealed. This judgment awarded the plaintiff-wife two rights as follows: first, "that the plaintiff be awarded permanent alimony, said amount of permanent alimony to be determined by this Court out of session"; and second "that the alimony pendente lite order in this cause be continued until permanent alimony is awarded by this Court." The order of 25 January 1972 adjudicating the amount by which defendant was in arrears in payments of alimony *pendente lite,* and which is the subject of his first assignment of error, is clearly based upon the alimony *pendente lite* award as continued in effect by the second of the rights provided for his wife in the judgment dated 4 December 1970. Since this judgment was rendered before the rendering of the judgment for absolute divorce, the rights thereby provided for the wife could not be impaired or destroyed by the subsequently rendered decree of absolute divorce, G.S. 50-11, and, defendant remained liable to continue to make the payments under the alimony *pendente lite* order. *Yow v. Yow,* 243 N.C. 79, 89 S.E. 2d 867.

[3]  Appellant contends that the court erred in providing in its 4 December 1970 order that the alimony *pendente lite* order continue in effect, pointing out that the purpose of such *pendente lite* orders is to provide support for the wife pending a hearing on the merits, and from this arguing that once such a hearing is held and issues are answered by the jury, the rights of the wife to *pendente lite* relief should terminate and she should thereafter be entitled only to such permanent relief as the jury's verdict might justify. We find it unnecessary to pass on this contention. If it was error for the court to continue the *pendente lite* order in effect after the hearing on the merits was completed, defendant may not now avail of such error. No appeal was noted to the judgment of 4 December 1970, and even if erroneous, it became binding on the parties. Moreover, apparently defendant himself continued to recognize as binding the *pendente lite* order which was continued in effect by the 4 December 1970 judgment, for on 28 December 1970 he moved for

a reduction in the amount of alimony *pendente lite* on the grounds of a change in his circumstances, and it appears he thereafter actually paid all amounts ordered to be paid by the *pendente lite* order accruing after the 4 December 1970 judgment and up until 13 April 1971, when the divorce decree was rendered. Appellant's first assignment of error is overruled, and both of the orders dated 25 January 1972 are affirmed.

[4]   Appellant's second assignment of error is directed to the order dated 21 February 1972 fixing the amount of permanent alimony and directing defendant to pay counsel fees to his former wife's attorney. Appellant contends that the court lacked power to award permanent alimony after the decree for absolute divorce was rendered, citing *Yow v. Yow, supra,* and contends that this is what the court erroneously attempted to do by its order of 21 February 1972. In the present case, however, unlike the situation in *Yow v. Yow,* the right of the wife to receive permanent alimony was adjudicated in the judgment dated 4 December 1970, which was rendered before the decree for absolute divorce. The only matter left unresolved as far as the wife's right to receive permanent alimony was concerned, was the fixing of the amount of the monthly payments to be made from time to time by the husband. This question of the amount to be paid from time to time on account of permanent alimony, as distinguished from the question of the wife's underlying *right to be awarded permanent alimony,* never becomes finally settled in any event so long as both parties live, since the court may always reconsider the question of the amount of such payments in the light of changed circumstances. The right of the wife to be awarded permanent alimony and her right to have the amount thereof determined by the court were rights expressly adjudicated by the 4 December 1970 judgment. These rights, by express mandate of G.S. 50-11, could not be impaired or destroyed by the subsequently rendered absolute divorce decree.

[5]   Appellant's second assignment of error further challenges the order of 21 February 1972 fixing the amount of permanent alimony and awarding attorney fees "for that said Order is based upon findings of fact not supported by the evidence and supported by no evidence." In the order in question the court made a number of detailed findings of fact as to defendant's age, income, properties, and physical and financial ability to pay permanent alimony, as well as making findings as to plaintiff's needs and funds. No exception appears as to any particular find-

ing of fact, the only exception being the one general exception appearing at the end of the order. An exception that the evidence is insufficient to support the findings of the trial court, without exception to a particular finding, is broadside and ineffectual. *MacKay v. McIntosh,* 270 N.C. 69, 153 S.E. 2d 800; *King v. Snyder,* 269 N.C. 148, 152 S.E. 2d 92.

The portion of appellant's second assignment of error challenging the court's power to award counsel fees is also without merit. *Shore v. Shore,* 15 N.C. App. 629, 190 S.E. 2d 666. Appellant's second assignment of error is overruled.

[6] By his third assignment of error appellant attacks the order of 22 February 1972 which directed a partial foreclosure of his deed of trust. He contends that the deed of trust was executed by him pursuant to Judge Copeland's order, which stated that it was for the purpose of securing his compliance with previous orders of the court, and that it was therefore invalid to secure his compliance with any subsequent orders of the court. We do not agree. The express language of the deed of trust which defendant signed and delivered (albeit only after being found guilty of willful contempt of court for refusing to do so for more than two years) provided for its foreclosure if the defendant "shall fail or neglect to abide by the orders of the Courts heretofore entered, *or that are hereafter entered.*" (Emphasis added.) We see no valid reason why defendant should not be bound by the language of the instrument which he signed. Defendant's third assignment of error is overruled.

The orders and judgments appealed from are

Affirmed.

Judges VAUGHN and GRAHAM concur.